IRVING TRUST COMPANY, as Corporate Trustee, and Another, as Individual Trustee, under Trust Mortgage Made by LIBBY'S HOTEL CORPORATION, Dated November 1, 1924, Plaintiffs, *v.* CHARLES E. HUGHES, JR., as Ancillary Receiver in Equity of AMERICAN BOND AND MORTGAGE COMPANY, Defendant.

First Department, June 7, 1933.

*William O. Robertson* of counsel [*Martin Lippman* and *Arthur J. Harrison* with him on the brief; *Cardozo & Nathan,* attorneys for Irving Trust Company, as corporate trustee; and *McLaughlin & Stern,* attorneys for Charles C. Moore, as individual trustee], for the plaintiffs.

*Harold Nathan* of counsel [*Chester Rohrlich* with him on the brief; *Cook, Nathan & Lehman,* attorneys], for the defendant.

*Frank E. Karelsen, Jr.,* of counsel [*Max J. Rubin* with him on the brief; *Karelsen & Karelsen,* attorneys], for Frank E. Karelsen, Jr., *amicus curiæ.*

TOWNLEY, J.   The individual and corporate plaintiffs are trustees under a trust mortgage executed by Libby's Hotel Corporation November 25, 1924. There was a partial default under that mortgage. In February, 1929, plaintiffs brought an action for the partial foreclosure of the mortgage. On June 27, 1929, the property was sold in that action and was purchased by the American Bond and Mortgage Company through its nominee, one Mary J. Lyons. The defendant is the equity receiver of the purchaser at that sale. On August 9, 1929, by an order of the Supreme Court, New York county, in a condemnation proceeding, title vested in the city of New York. The amount of the award is about to be paid by the city to defendant subject to whatever is due plaintiffs under the trust indenture.

The question presented in this controversy concerns the amounts the plaintiffs, representing the bondholders under the trust mortgage, are entitled to receive for principal, interest, income taxes and other charges upon tendering a satisfaction to defendant of the trust mortgage. The only unusual point about the mortgage in so far as the submission is concerned is its provision that the interest on the bonds was payable at seven per cent per annum until maturity and on defaults in principal or coupons, interest was payable at seven and a half per cent per annum. The claim is made that plaintiffs are entitled to recover against the money paid by the city of New York on the condemnation as if it were foreclosing on the property itself for defaults. In short, plaintiffs claim that all the terms of the trust indenture are in full force and effect against the award.

Because of our view of the case, it is unnecessary in this opinion

to set forth all the claims made by the plaintiffs which are based on various clauses of the trust indenture. So far as this court is concerned, the claims are governed by the decision in *German Savings Bank* v. *Dunn* (75 Misc. 251; affd., 150 App. Div. 928). Plaintiff in that case brought an action for a declaratory judgment asking for a decree to the effect that the plaintiff was entitled to the sum of $30,000, the principal amount of its mortgage, with legal interest from September 9, 1905, the date of the vesting of title under a condemnation proceeding, less certain interest paid by the defendant to the plaintiff in the interval. The defendant claimed that prior to September 9, 1905, by the terms of the mortgage, the rate of interest was fixed at four and a half per cent; that that rate of interest, agreed upon in the mortgage, was binding upon the plaintiff, and that, therefore, the plaintiff could not recover six per cent legal interest on the fund resulting from the condemnation payment. The Special Term sustained plaintiff's contention, Mr. Justice BIJUR writing as follows: " It will be seen that the controversy is limited to the question whether plaintiff, as mortgagee, is entitled to the interest at six per cent from the time of the vesting of the title in the city, or whether defendant Dunn, as owner, shall receive the six per cent, while plaintiff's right is limited to four and one-half per cent. I have examined the numerous cases cited in the briefs, but, as admitted by counsel, none is directly in point.

" Defendant's argument is based exclusively on the respective rights of mortgagor and mortgagee, and disregards the provisions of the charter and the decisions thereon, which plainly change those rights in circumstances like those presented in this case. Section 1439█ provides that ' all leases and other contracts in regard to said lands so taken * * * shall * * * cease and determine.' It seems to me that the result of cases like *Matter of City of Rochester*, 136 N. Y. 83; *Utter* v. *Richmond*, 112 id. 610, and *Hill* v. *Wine*, 35 App. Div. 520, is that the fund in the hands of the city, to the amount necessary, namely, $30,000, took the place of the land as security for the debt due plaintiff, and that the relations between the plaintiff and the defendant Dunn, the owner, as mortgagor and mortgagee, were terminated to the extent that, of course, no foreclosure could take place, as no lien or mortgage survived and as the land had already been reduced to money. The city's obligation became one to pay to the owner, or to the persons entitled to the whole or part of the fund by way of existing mortgage or other lien, the respective appropriate amounts, upon their determination upon a proper proceeding, and the present proceeding is a proper one in which the remaining equities between the owner and the mortgagee

can and should be adjusted. * * * In this view, I hold that the plaintiff is entitled to six per cent on $30,000 since the date of the vesting of the title to the property in the city, less any amounts heretofore paid to it on account of such interest by the defendant Dunn."

This court affirmed the judgment in that case.

The present submission presents a situation which is substantially the same, except that the interest rate provided in the mortgage now being considered is greater than six per cent. We reaffirm our decision in *German Savings Bank* v. *Dunn (supra)*. The result there reached necessarily follows from the statutory provision set forth in the Greater New York Charter which vests title in the city of New York. According to section 979 of the charter, after a taking by condemnation, all contracts respecting real property " shall * * * cease and determine and be absolutely discharged." The city obtains the property free and clear of all liens. All persons having an interest in the property, including mortgagees who assert their rights in the condemnation proceeding have the value of their claim fixed as of the date of the taking. The amount so fixed is a payment which may be enforced against the city with interest and in the manner provided. What is left to the mortgagor and the mortgagee is the obligation of the city of New York to pay the value of their respective interests in the property. (*Hill* v. *Wine*, 35 App. Div. 520.) Had the plaintiffs asserted their claim in the condemnation proceeding, that is what they would have received. They can gain nothing by waiting to assert it against the purchaser at foreclosure. The defendant accordingly must pay to plaintiffs the amount of money due under the mortgage as of the date title vested in the city with interest at six per cent.

Judgment is directed accordingly for the defendant, without costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment directed in favor of defendant, without costs. Settle order on notice.