FELIX A. MULDOON et al., as Trustees, Appellants, *v.* MID-BRONX HOLDING CORPORATION, Respondent.

Argued November 17, 1941; decided January 8, 1942.

*Frank W. Chambers* and *Walter E. Warner, Jr.,* for appellants. There being but a partial taking, plaintiffs' mortgage is discharged only as to the portion taken and the full principal amount thereof remains a lien upon the residue not condemned, and not until payment of the award moneys by the Comptroller should plaintiffs' bond and mortgage be reduced. (*Matter of City of New York [Chrystie St.]*, 239 App. Div. 314; *Matter of City of New York [Boscobel Ave.]*, 242 App. Div. 392; *Hill* v. *Wine*, 35 App. Div. 520.)

*Samuel L. Scholer* for William P. Thomas et al., as trustees, *amici curiæ*.

*John Kadel* and *Emanuel E. Weisberg* for respondent. The plaintiffs' bond and mortgage was reduced by the amount of the award as of the date of vesting of title in the city of the portion of the mortgaged premises taken in the condemnation proceedings, and thereafter the defendant

was required to pay interest on the balance remaining unpaid under the mortgage after such reduction, at the rate fixed by the mortgage. (*Matter of City of New York [East 29th St.]*, 247 App. Div. 648; 273 N. Y. 62; *Irving Trust Co.* v. *Hughes*, 239 App. Div. 74; *Matter of Braico*, 235 App. Div. 132; 260 N. Y. 625; *German Savings Bank* v. *Dunn*, 75 Misc. Rep. 251; 150 App. Div. 928; *Matter of City of New York [Chrystie St.]*, 239 App. Div. 314.) The defendant should be credited by plaintiffs with any difference between the amounts paid to the plaintiffs and the amounts that were correctly payable. (*Gillig* v. *Grant*, 23 App. Div. 596; *Matter of Margolis & Meadow*, 252 App. Div. 513.)

LEHMAN, Ch. J. In condemnation proceedings, title to a portion of the premises, covered by a mortgage which was held by the plaintiffs as trustees, vested in the city of New York on May 1, 1939. The plaintiffs filed objections in the condemnation proceedings to the tentative decree, and requested that the court direct that payment of the award, together with interest thereon, be made directly to them. The final decree entered on March 7, 1940, awarded the sum of $81,089.91 as compensation for the portion of the mortgaged premises taken by the city, together with interest at the rate of four per cent from May 1, 1939, the date when title to the premises vested in the city. Pursuant to the application which had been made in the condemnation proceedings by the plaintiffs, the final decree directed that payment of the award, with interest at four per cent, be made directly to the plaintiffs.

At the time that title to a portion of the mortgaged premises vested in the city, the principal sum of $97,644.28, secured by the mortgage, was unpaid. The city took title to the premises free from the mortgage lien, but the equitable lien of the mortgage then attached to the damages awarded for the land. "When land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it." (*Utter* v. *Richmond*, 112 N. Y. 610, 613.)

The lien of the mortgage remained " valid and obligatory as to the residue " of the mortgaged lands. (Administrative Code of the City of New York, § B15–37.0; L. 1937, ch. 929.)

Interest at the rate of five and one-quarter per cent was payable upon the principal sum secured by the mortgage in accordance with the terms of the bond and mortgage. For default by the mortgagor in the payment of such interest the mortgage might be foreclosed. Though, as we have said, title to the property vested in the city on May 1, 1939, the amount of damages payable as compensation was fixed by the final order only on March 7, 1940, and the plaintiffs could not collect the damages till several months thereafter. From time to time during that period the plaintiffs sent to the defendant statements of interest due upon the entire principal debt at the rate of five and one-quarter per cent and. the defendant paid the interest demanded. When the damages awarded for the land taken, with four per cent interest, were paid to the plaintiffs, at their request the mortgage debt was correspondingly reduced.

The primary question presented upon this appeal is whether the owner of a mortgage who in condemnation proceedings asks and receives payment of the award made as compensation for the taking of part of the mortgaged premises is entitled to interest upon the amount of the award from the date of taking at the rate which the city is bound to pay or at the rate which the mortgagor agreed to pay. If the owner of the mortgage is entitled to interest only at the rate which the city is bound to pay, then upon this record a second question is presented: May the mortgagor after payment of interest at the rate of five and one-quarter per cent as agreed in the bond ask that excess payments be applied in reduction of principal? To obtain an adjudication of these questions, the plaintiffs have brought this action for a declaratory judgment and the defendant has interposed a counterclaim. Upon motion of the defendant summary judgment has been granted in its favor.

The statute does not in express terms provide that when a part of a parcel of land subject to the lien of a mortgage is taken in condemnation proceedings, the mortgage debt is reduced by the amount of the compensation which the sovereign must pay for the land taken and that such compensation shall belong to and shall be paid to holders of mortgage liens in order of priority. The right of the holders of a mortgage to payment of the award is not conferred by statute but is a right which such holders may assert upon equitable principles. The plaintiffs have chosen to assert that right in the condemnation proceeding. Since the lien of the mortgage upon the land taken was destroyed when title vested in the land, they have been awarded a right to resort to the compensation which must be paid to the owner of the land. The obligation of the sovereign to pay that compensation has at their request been transferred to them because the obligation created by the bond is no longer secured by a lien upon the property taken. To that extent the obligation of the sovereign has been substituted for the contractual obligation in the bond. Not the statute but the voluntary act of the owner of the mortgage has effected the substitution. The question might be different if the plaintiffs had chosen to enforce the obligation of the bond in accordance with its terms and had resorted to the award only to the extent necessary to pay a deficiency that might arise upon foreclosure of the mortgage. (See *Irving Trust Co.* v. *Hughes*, 239 App. Div. 74, at p. 77.) We do not consider or decide that question.

The payment of interest at the rate of five and one-quarter per cent upon the entire amount of the mortgage debt until the time when the amount of the award was fixed by final decree does not bar the defendant from demanding an adjustment of the interest thereafter. Without such payment, claim might have been made that the defendant was in default in payment of interest, and that the plaintiffs upon such default could foreclose the mortgage which was still valid as to the residue of the mortgaged lands. Certainly the parties must have understood that some

adjustment of interest would be made thereafter for the defendant did not attempt to deduct even the four per cent interest on the estimated amount of the award which under the statute would be payable upon the award.

The judgment should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.