In the Matter of THE CITY OF NEW YORK, Appellant and Respond-
ent, Relative to Acquiring Title to Real Property at Rockaway
Beach, Required for the Establishment of Public Parks.

HAMMEL BOARDWALK CORPORATION et al., Respondents and
Appellants.

Argued February 24, 1942; decided April 23, 1942.

*William C. Chanler, Corporation Counsel (Daniel M. Cohen, Julius Isaacs* and *William A. Marks* of counsel), for City of New York, appellant and respondent. The Appellate Division, by limiting the city to interest on unpaid taxes to the date of vesting, erred since the city had merely been paid taxes concededly due,

together with interest to the date of payment, to which the city was entitled under section 173-1.0 of the Administrative Code (L. 1937, ch. 929). The vesting of title in condemnation did not abrogate the city's right to such interest, but merely gave the owner the right to an award, together with the interest permitted on such award by the condemnation statute. (*Matter of Ittleman* [*City of New York*], 286 N. Y. 150; *Matter of Trustees of New York & Brooklyn Bridge,* 137 N. Y. 95; *Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26; *Matter of City of New York* [*Bronx River Parkway*], 284 N. Y. 48; *A. F. & G. Realty Corp.* v. *City of New York,* 313 U. S. 540; *Bell* v. *City of New York,* 66 App. Div. 578; *Daly* v. *Sanders,* 9 N. Y. State Repr. 794; 118 N. Y. 688; *United States* v. *Certain Land in City of St. Louis,* 29 Fed. Supp. 92; *United States* v. *Certain Parcels of Land in City of Philadelphia,* 41 Fed. Supp. 415.)

*Meyer D. Siegel* and *Mathew M. Balmuth* for Hammel Boardwalk Corporation et al., respondents and appellants. Owners are entitled to be relieved of all burdens incident to their ownership on the day title vests in the city; the offsets of the taxes and accrued interest against the award becomes operative on the day title vests in the city as a matter of law and all interest and penalties cease after that date. (*Matter of City of New York* [*Elm St.*], 239 N. Y. 220; *Matter of Nunez* [*W. 13th St.*], 226 N. Y. 246; *Matter of Mayor,* 40 App. Div. 281.) The Appellate Division erred in compounding the interest on the first mortgage. (*Muldoon* v. *Mid-Bronx Holding Corp.,* 287 N. Y. 227.) The Special Term and the Appellate Division in affirming, erred in the denial of the cross-motion of the owner for an accounting. (*Haight* v. *Haight & Freese Co.,* 112 App. Div. 475.)

*Bennet M. Blumenthal* and *A. D. Schlechter* for Manufacturers Trust Company, respondent and appellant. As the first mortgagee has no recourse to other assets of the former fee owner said mortgagee is entitled, as against the holders of a second mortgage, to payment in full of the balance of principal, plus accrued interest in accordance with the terms of the bond and mortgage. (*Gates* v. *De La Mare,* 142 N. Y. 307; *Germantown Sav. Bank* v. *Dunn,* 135 N. Y. Supp. 56, 1114.)

*H. H. Nordlinger* and *Jacob M. Dinnes* for Van Courtlandt Organization, Inc., *amicus curiæ.* The rights of the parties are determined as of the date the city takes title to the land in question and not the date when payment of the award is tendered. (*Matter of Van Etten* v. *City of New York*, 226 N. Y. 483; *King* v. *Mayor*, 102 N. Y. 172; *Matter of City of New York* [*43rd Ave.*], 256 App. Div. 982; 282 N. Y. 42; *Matter of Braico*, 235 App. Div. 132; 260 N. Y. 625; *Merriman* v. *City of New York*, 227 N. Y. 279; *Utter* v. *Richmond*, 112 N. Y. 610; *Matter of City of New York* [*Boscobel Ave.*], 242 App. Div. 392; 266 N. Y. 503; *Derring* v. *Schreyer*, 171 N. Y. 451; *Irving Trust Co.* v. *Hughes*, 239 App. Div. 74; *Matter of City of New York* [*Walton Ave.*], 244 App. Div. 125; 270 N. Y. 513; *Matter of Bankers Investing Co.*, 141 App. Div. 591; *Carpenter* v. *City of New York*, 51 App. Div. 584.)

*Abraham Brill, Frank F. Bergenfeld* and *Herbert Baer Brill* for Samuel Frank, *amicus curiæ.*

RIPPEY, J. The City of New York, pursuant to authorization by the Board of Estimate, instituted condemnation proceedings under the provisions of chapter 12 of the Charter of the City of New York (effective Jan. 1, 1938) relating to assessable improvements to acquire title to a strip of property in Queens county extending two miles along the Rockaway Beach shore for the purpose of converting such property into public parks and title vested in the city on May 12, 1938. Included in this strip of property taken were Damage Parcels 342, 343, 346 and 347 which consisted of improved property owned in fee by the Hammel Boardwalk Corporation.

At the date of the vesting of title in the city, there were two mortgage liens existing against the said parcels. The first mortgage lien arose on a mortgage dated June 10, 1931, made, executed and delivered by the said owner to the Title Guarantee & Trust Company in the amount of $25,000 and held, by assignment, by the Manufacturers Trust Company, as trustee for certificate holders of Series No. 181,508 of Bond & Mortgage Guarantee Company, upon which there was a balance due on principal of $24,750, with interest at six per cent per annum from June 1, 1934. The second mortgage lien was held by Katherine A. Graham and

others for $15,000, with a balance of $5,600 unpaid interest. There were also unpaid taxes, assessments and water rents owing to the city of New York in the sum of $6,878.74 with accrued interest, and possible unpaid franchise taxes due the State of New York for the years 1933 to 1935 from the owner corporation which was dissolved by proclamation in 1935. The final decree in the condemnation proceeding is not printed in full in the record on appeal. However, the briefs indicate with such parts of the decree as are printed and referred to in the order appealed from that the final decree, dated November 29, 1939, awarded $40,450 damages to the owner for land, improvements and fixtures taken with interest on the award at the rate of six per cent per annum from the date title vested until July 1, 1939, which was the effective date of chapter 594 of the Laws of 1939 by which the rate of interest was reduced to four per cent per annum, and thereafter at the rate of four per cent, subject to the aforesaid liens.

On July 29, 1940, a request was made by the attorney for the owner and the second mortgagees that the amount owing for arrears of taxes and assessments be paid. Thereupon the Comptroller delivered a warrant for $8,149.76 to the City Collector. That figure included interest on the delinquent taxes, assessments and water rents not only to the date on which title vested but also up to the date of such payment. The Comptroller also issued two warrants (but held them undelivered) to the Hammel Boardwalk Corporation in the amounts of $33,125 and $2,045.77, respectively. The mortgage lienors being unable to agree upon the amount payable to the Manufacturers Trust Company, as trustee, the latter, on September 29, 1940, upon notice to the city and others interested, applied at Special Term (the court having in the final decree expressly retained jurisdiction in the condemnation proceeding) for an order directing the Comptroller to pay it the amount of the first mortgage lien with interest at six per cent (the rate provided for in the mortgage) together with certain advances alleged to have been made by the trustee on behalf of the owner. By cross-motion the owner and the second mortgagees sought an adjudication of the rights of the interested parties in the award and the owner sought an accounting from the trustee and its predecessors of their operation of the property prior to condemnation under an

assignment of rents. At Special Term it was held that the amount that the city had taken from the award was correctly appropriated, viz., the amount of the taxes, assessments and water rents with statutory interest to the date of payment, granted the motion of the Manufacturers Trust Company, denied the cross-motion of the owner and second lienors, ordered the two warrants remaining in the hands of the Comptroller canceled and directed the Comptroller to issue warrants for the balance of the award remaining in his hands represented by the aforesaid two warrants so far as necessary (1) to the City Collector for any unpaid taxes, assessments or other charges levied on the damage parcels which were a lien against them at the time of acquisition thereof by the city, (2) to the Manufacturers Trust Company, as trustee, for $24,750 together with interest at six per cent per annum from June 1, 1934, the date of payment, less $73.44 balance in its hands on account of rents collected, provided that a proper discharge of the mortgage be furnished and that all unpaid state franchise taxes be satisfied, (3) to the said trust company as trustee for $420.50 to be held subject to a later accounting, and (4) to hold the balance, if any, subject to the further order of the court. Upon appeal to the Appellate Division, second department, by the owner and the second mortgagees, that court unanimously modified the order of Special Term, holding (1) that the city might collect interest on the unpaid items of taxes only up to the date upon which title vested (May 12, 1938), (2) that the first mortgagee is entitled to the principal of its mortgage plus accrued interest at six per cent up to the date of vesting with interest on the total amount (principal plus interest accrued before vesting) at six per cent from May 12, 1938, to July 1, 1939, and at four per cent thereafter to the date of payment, and (3) that the city should be required to pay interest on the award from May 12, 1938, to July 1, 1939, at six per cent and thereafter to the date of payment at four per cent. All parties adversely affected by the order of modification have severally appealed to this court.

The appeal by the city is limited to a determination of the question as to whether it may collect interest on the unpaid taxes, assessments and water rents from the date of vesting of title to July 29, 1940, the date when they were paid. " Before interest can

be allowed in any case it must be by virtue of some contract express or implied, or by virtue of some statute, or on account of the default of the party liable to pay, and then it is allowed as damages for the default." (*Matter of Trustees of New York & Brooklyn Bridge*, 137 N. Y. 95, 98.) As affecting the questions here, interest upon the award and the date when it ceased to run and also interest upon delinquent taxes, assessments and water rents and the date when such interest ceased to run is controlled exclusively by statute which, under the facts in this case, cannot be modified or varied by any equitable considerations. Interest is payable by the city upon the damages awarded by the court from the date of vesting until the date of the final decree (Administrative Code, L. 1937, ch. 929, § B15–28.0, p. 169), and at the rate of four per cent per annum after the date of entry of the final decree until paid (General Municipal Law, § 3-a; Cons. Laws, ch. 24), except in the case of an award made in assessable improvement proceedings where interest shall cease to run six months after such filing date with exceptions not important here (Administrative Code, § B15–28.0 [b], p. 170). The City Collector was required to collect interest on delinquent taxes, assessments and water rents *to the date of payment* and account to the city for the interest collected as part of the delinquent tax liens (Administrative Code, §§ 173–1.0, pp. 90, 91; 415[1]–17.0, pp. 221, 222; 415[1]–12.0, p. 218; Charter, §§ 173, 415, ¶ 1). Although the tax statutes recognize that the city may take property by eminent domain, there is no provision for the cessation of interest upon the happening of any such event. On the contrary, reduction of interest upon any taxes, assessments and water rents below the amount fixed by law is forbidden (Administrative Code, § 415[1]–8.0, p. 217), and all taxes, assessments and water rents *and interest thereon* constitute liens until paid (Administrative Code, § 415[1]–7.0, p. 217). Upon vesting of title such lien is shifted from the land to the award (*Matter of City of New York [Houghton Ave.]*, 266 N. Y. 26). Those liable for the payment of such delinquent tax liens were furnished with some measure of relief from interest by the provisions of section B15–29.0 of the Administrative Code (p. 171) when the lands subject to such liens are taken by eminent domain whereby they may apply to the Board of Estimate for payment in advance of the final

decree of sixty per cent of the damages as estimated by the city's real estate expert. Of course, they can stop interest running at any time by paying the delinquent taxes. If any additional relief is to be granted to the taxpayer it must be granted by the Legislature. It cannot be granted by the courts.

The Manufacturers Trust Company, as trustee, claims that it is entitled to six per cent interest rather than four per cent interest upon its mortgage lien after July 1, 1939, until the date of payment. A similar contention has been rejected in *Muldoon* v. *Mid-Bronx Holding Corp.* (287 N. Y. 227). In the case of each mortgage, the lien of the amount due as of the date of vesting was transferred from the land to the award.

In this condemnation proceeding, the action of the lower courts in denying the cross-motion of the fee owner and the second mortgagee was discretionary and we find no circumstances in this record which would warrant us in disturbing that exercise of discretion.

The orders should be modified in accordance with this opinion and as so modified affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.