**UNITED STATES v. CERTAIN LANDS IN BOROUGH OF BROOKLYN, KINGS COUNTY, STATE OF NEW YORK, et al.**

No. 289.

Circuit Court of Appeals, Second Circuit.

July 21, 1942.

Wingate & Cullen, of Brooklyn, N. Y. (Cyrus S. Jullien and Joseph B. Cavallaro, both of Brooklyn, N. Y., of counsel), for appellant.

Norman M. Littell, Asst. Atty. Gen., Harry T. Dolan, Sp. Asst. to the Atty. Gen., and John F. Cotter and Roger P. Marquis, Attys., Department of Justice, both of Washington, D. C., for the United States, amicus curiae.

Before SWAN, CHASE, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The question presented by this appeal is whether a first mortgagee of property condemned for public use under the Declaration of Taking Act, 40 U.S.C.A. § 258a, is entitled upon distribution of the deposited compensation to receive payment of the principal of the mortgage and interest thereon to the date of payment or only to the date when title to the mortgaged premises vested in the United States.

The appeal is before us upon an agreed statement of facts pursuant to Rule 76, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. On January 24, 1941, the United States filed in the District Court its petition for condemnation of several parcels of land, accompanied by a declaration of taking and a deposit of the estimated just compensation for the land taken. For the premises involved in the case at bar, Damage Parcel 14, $3,800 was deposited. The following day, January 25th, judgment was entered declaring that title to the land had vested in the United States and the right to just compensation had vested in the persons entitled thereto. The judgment also directed that possession be delivered to the United States on or before February 17, 1941, that the cause remain open for such further orders as may be necessary, and that notice of entry of the judgment be served upon all of the defendants named in the declaration of taking. The appellant, Fulton Savings Bank Kings County, held a recorded first mortgage on said Parcel 14 but was not named as a defendant in either the declaration of taking or the petition for condemnation. By an amended petition filed June 20, 1941 it was so named. However, on February 8, 1941 the appellant entered its appearance in the proceeding and five days later filed a notice of claim for the principal remaining due on its mortgage, $1,644.50, and, in addition, for interest at the agreed rate of 5 per cent. from February 1, 1941 until payment. It did not, however, at any time apply to the court for payment out of the funds on deposit of the amount claimed on account of the mortgage indebtedness. The owners of Parcel 14 were Mrs. Creighton and her daughter, a minor, who was represented in the proceeding by a guardian ad litem. By stipulation dated April 26, 1941 it was agreed between the United States and the Creightons that just compensation for their parcel should be $4,500, and that a court order should be entered directing payment to them of so much of the $3,800 on deposit as should remain after first satisfying encumbrances. Accordingly on motion of counsel for the United States an ex parte judgment was entered May 5, 1941 which directed the clerk of the District Court to draw a check to the appellant for $1,665.28, being the principal of the mortgage with interest thereon to May 2nd in the sum of $20.78, to be delivered upon satisfaction of the mortgage, and to pay the balance of the $3,800 deposit to the Creightons; it also directed the United States to deposit an additional $700 for Mrs. Creighton. But on May 19th the United States, as amicus curiae on behalf of the Creightons, moved to resettle the judgment so as to eliminate the payment of mortgage interest accruing after January 24, 1941. By order entered October 21, 1941 the motion was granted. This is the order appealed from.

Section 1 of the Declaration of Taking Act, 40 U.S.C.A. § 258a, provides that upon the filing of the declaration of taking and of the deposit in the court, "to the use of the persons entitled thereto," of the amount of the estimated compensation, title to the lands shall vest in the United States, "and the right to just compensation for the same shall vest in the persons entitled thereto." If the just compensation finally awarded exceeds the estimated compensation deposited in the court, the excess bears interest at 6 per cent. per annum from the date of taking to the date of payment, but interest is not allowed on so much of the compensation as was

deposited in the court. Upon application of the parties in interest, the court may order the deposit, or any part thereof, to "be paid forthwith for or on account of the just compensation to be awarded in said proceeding." It is further provided that "The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes * * * and other charges * * * as shall be just and equitable."

The sentence last quoted obviously refers to what is "just and equitable" as between the lienors and lienees. The United States has no interest in how the fund is divided. See United States v. Dunnington, 146 U.S. 338, 352, 13 S.Ct. 79, 36 L.Ed. 996; City of St. Paul v. Certain Lands, etc., 8 Cir., 48 F.2d 805, 807; United States v. Certain Parcels of Land, D.C. Md., 40 F.Supp. 436, 443. The mortgage contract binds the mortgagor to pay interest until the principal debt shall be satisfied and pledges the land as security for performance of such promise. When title to the land vests in the condemnor the lien of the mortgage is transferred to the award. See Stevens v. Edwards, 5 Cir., 112 F.2d 534; Kaufman v. Valente, 115 Conn. 428, 434, 162 A. 693; Nichols, Law of Eminent Domain, 2d ed. p. 353. Since the lien was upon the whole of the land, it is "just and equitable," in our opinion, that it should cover the whole of the award and continue to secure interest accruing until the principal indebtedness is paid. Cf. Union Institution for Savings v. Boston, 129 Mass. 82, 96, 37 Am.Rep. 305.

Counsel for the United States argues that the appellant might have applied to the court and have obtained payment "forthwith" out of the deposit; that the owners, had they applied to the court, would have been limited to the balance of the award after payment of the amount necessary to satisfy the mortgage indebtedness; and, since this amount was immediately and unconditionally available to the appellant, it was in practical effect a tender which should stop the accrual of interest. Apparently under the New York condemnation statutes a mortgagee who applies for payment out of the deposited award is limited to the amount of indebtedness due when title vested in the condemnor, and after that date gets only such interest as the condemnor pays on account of the award, regardless of the mortgage rate of interest. Muldoon v. Mid Bronx Holding Co., 287 N.Y. 227, 39 N.E.2d 217; Matter of Public Parks at Rockaway Beach, City of New York, 288 N.Y. 51, 41 N.E.2d 454. Since the United States pays no interest on so much of the award as it deposited in court, this view would limit the appellant to principal and interest due on January 24, 1941, as the District Court held. We cannot see that this is "just and equitable." Nor are we obliged to follow the local law in construing a federal statute which provides that distribution in respect to encumbrances "shall be just and equitable." See American Surety Co. v. Bethlehem Nat. Bank, 314 U.S. 314, 316, 62 S.Ct. 226, 86 L.Ed. ——, 138 A.L.R. 509; Deitrick v. Greaney, 309 U.S. 190, 200, 201, 60 S.Ct. 480, 84 L.Ed. 694, rehearing denied, 309 U.S. 697, 60 S.Ct. 611, 84 L.Ed. 1036; United States v. Certain Parcels of Land, D.C.Md., 40 F.Supp. 436, 444. The Conformity Act, 40 U.S.C.A. § 258, does not apply to the matter of interest. Brown v. United States, 263 U.S. 78, 44 S.Ct. 92, 68 L.Ed. 171.

In our view, the deposit of the award should not be treated as tendered to the mortgagee until the mortgagee accepts it as such by applying to the court for payment, or until the mortgagor appropriates it for that purpose by applying for distribution of the award between himself and the mortgagee. In such an application by the owner the mortgagee would be summoned pursuant to section 6 of the New York Condemnation Law, Consol. Laws, c. 73, since matters of practice are governed by the state law. 40 U.S.C.A. § 258. In the case at bar the agreed facts state that at no time did the appellant make application for payment from the fund. The ex parte application of the United States, which resulted in the judgment of May 5, 1941, and its motion to resettle this judgment so as to limit the mortgagee's interest to January 24th cannot be considered a tender by the owners of so much of the fund as was necessary to pay the mortgage indebtedness. A valid tender must include interest to date of the tender. Scott v. Curtis, 99 N.J.Eq. 890, 133 A. 534; Tidwell v. Wittmeier, 150 Ala. 253, 43 So. 782; Jones on Mortgages, § 1153. Therefore there has been no valid tender to the mortgagee to stop the running of interest.

In United States v. Certain Lands in City of St. Louis, D.C.E.D.Mo., 29 F.Supp. 92, 97 it was held that delinquent taxes do

not cease to draw interest and penalties on the date title to the lands vests in the United States. The court reasoned that responsibility for not stopping the running of interest and penalties rested wholly on the owners; acquisition of the property by the United States did not change the situation; the condemnation proceedings, making funds available for distribution, would aid rather than hinder the owners in making the payment which would stop the accrual of interest and penalties, and it was fair to the taxpayer to allow the claim of the city for taxes and penalties accruing subsequent to June 16, 1939 when title vested in the condemnor. The same argument is equally applicable to subsequently accruing mortgage interest. Neither party has produced precise authority, nor have we found any. For the reasons stated we think the order on appeal was not "just and equitable." Accordingly, it is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.