MORRIS FLIEGEL et al., Appellants, *v.* MANHATTAN SAVINGS BANK, Respondent.

Second Department, February 25, 1946.

*Jacob Bromberg* for appellants.

*Joseph T. Hanlon* for respondent.

*Per Curiam.* In this action for a declaratory judgment, submitted upon an agreed statement of facts, plaintiffs appeal from the judgment declaring that defendant is entitled to interest, in accordance with the terms of the mortgage concerned, at the rate of " five per centum (5%) per annum on the sum of Forty- thousand ($40,000.00) dollars from September 19, 1941 to February 20, 1942, in the sum of Eight hundred thirty-nine and 05/100 ($839.05) dollars." Plaintiffs were the fee owners of the property involved, subject to a mortgage held by the defendant in the sum of $41,200. Title vested in the United States Government by condemnation on the 19th day of September, 1941, at which time there was deposited with the Registry of the United States District Court, Eastern District of New York, the sum of $40,000 as compensation for said property. Subsequently, plaintiffs were awarded the sum of $65,000, with interest at 6% from the 19th day of September, 1941, only on that part of the award over $40,000, the amount deposited with the Registry of the court. Interest stopped running as against the United States Government on the amount deposited. Pursuant to a motion made by plaintiffs for the payment of the said sum of $40,000 to them, in which the defendant appeared and opposed, demanding payment of that amount to it on account of its mortgage, an order was made on the 4th day of February, 1942, directing that payment be made to it. Subsequently, and pursuant to the order, payment was made to it by the clerk of the court on the 20th day of February, 1942.

We are of opinion that, upon the facts submitted, the defendant is entitled to interest from the time of the vesting of title until, by affirmative action, it substituted the award, *pro tanto,* for the contractual obligation (*Muldoon* v. *Mid-Bronx Holding Corp.,* 287 N. Y. 227, 231), which was the date of the making of the order on February 4, 1942. To that extent the judgment

should be modified on the law and, as modified, should be affirmed, without costs.

Lewis, P. J. (dissenting). On September 19, 1941, the United States of America by condemnation divested the plaintiffs of their fee title to premises 574 Kent Avenue, Brooklyn. Defendant held a first mortgage on the premises upon which there then remained an unpaid principal balance of $41,200. The mortgage had been made to the defendant's predecessor, the Metropolitan Savings Bank on April 29, 1926. There is nothing in the record to show that plaintiffs had ever assumed payment of the mortgage.

Pursuant to the Declaration of Taking Act (U. S. Code, tit. 40, § 258a *et seq.*), the government deposited $40,000 with the Registry of the United States District Court, Eastern District of New York, as compensation for the Kent Avenue property. By motion, returnable in the District Court on October 31, 1941, plaintiffs applied for payment of the $40,000, upon presentation of a satisfaction of the mortgage. Defendant opposed the motion and demanded that the sum be paid to it directly in partial satisfaction of the mortgage. A District Court order was entered on February 4, 1942, upon the defendant's motion, directing that the $40,000 be paid to the defendant, but that the sum be held in escrow by the Attorney-General pending receipt of a certificate of reduction of the mortgage. Pursuant to this order, the sum of $40,000 was paid to the defendant on February 20, 1942.

The sole question presented at Special Term, upon an agreed statement of facts, was whether the defendant was entitled to be paid interest by plaintiffs on that $40,000 sum at the mortgage rate of 5% per annum from September 19, 1941, the date of deposit, to February 20, 1942, the date when the sum was paid to the defendant. During that period no interest on that sum was payable by the Federal Government, since the Federal statute allows no interest to claimants upon so much of their compensation as has been paid into court. (Act, § 1; U. S. Code, tit. 40, § 258a.) Despite the fact that the defendant chose to assert its rights in the Federal condemnation proceeding, Special Term has sustained its claim against plaintiffs for $839.05 in interest on the $40,000 sum during a period when no interest was payable on that portion of the award.

In my opinion, Special Term's decision is in conflict with the principles set forth in *Muldoon* v. *Mid-Bronx Holding Corp.* (287 N. Y. 227) and followed in *Matter of City of New York*

(*Rockaway Beach*) (288 N. Y. 51). The *Muldoon* case reiterated the equitable doctrine that upon condemnation the lien of a mortgage shifted from the land taken to the damages awarded therefor. It further announced, however, that if a mortgagee chose to assert an equitable right to resort to a condemnation award, the obligation of the sovereign was thereby substituted for the contractual obligation of the bond. By its voluntary act, this defendant has effected such a substitution. It chose to resist plaintiffs' application for payment of the $40,000 deposited by the Federal Government and to demand payment of that sum directly to itself. It thereby elected to accept that sum, pursuant to the Federal statute, without interest from the date of deposit. In that respect, this case is to be distinguished from *United States* v. *Certain Lands in Borough of Brooklyn* (129 F. 2d 577) which was decided upon the assumption that the mortgagee there involved had not applied in that condemnation proceeding for payment out of funds on deposit in the Federal court (*supra*, 578).

The judgment appealed from, allowing the defendant interest at the mortgage rate should, therefore, be reversed, and judgment should be granted in favor of the plaintiffs declaring that the defendant is not entitled to any interest on the sum of $40,000 from September 19, 1941, to February 20, 1942.

HAGARTY, CARSWELL and JOHNSTON, JJ., concur in *Per Curiam* opinion; LEWIS, P. J., dissents and votes to reverse the judgment and to grant judgment in favor of plaintiffs, declaring that defendant is not entitled to any interest on the sum of $40,000 from September 19, 1941, to February 20, 1942, in an opinion in which NOLAN, J., concurs.

Judgment modified on the law by striking out the date " February 20," and inserting in place thereof the date " February 4," and by adjusting the computation of interest accordingly. As thus modified, the judgment is affirmed, without costs.