MORRIS FLIEGEL et al., Appellants, *v.* MANHATTAN SAVINGS BANK, Respondent.

Argued October 8, 1946; decided February 27, 1947.

*Jacob Bromberg* for appellants. I. When title to the mortgaged property vested in the United States Government on September 19, 1941, the bank's mortgage ceased to exist as such and thereafter became a lien on the condemnation award. (*Muldoon* v. *Mid-Bronx Holding Corp.*, 287 N. Y. 227; *Matter of City of New York* [*Rockaway Beach*], 288 N Y. 51.) II. The bank, being a party thereto, was bound by all proceedings taken in the condemnation, and is entitled only to such interest as was awarded by the court. III. Mortgagee claimant in condemnation proceeding is entitled to interest at the same rate paid by con-

demnor to other claimants after vesting of title. (*Muldoon v. Mid-Bronx Holding Corp.*, 287 N. Y. 227; *Matter of City of New York* [*Rockaway Beach*], 288 N. Y. 51.)

*Joseph T. Hanlon, A. S. Hutchins* and *Waldo Hutchins* for respondent. I. Payment of interest stipulated for in a mortgage contract is as much a part of the obligation as principal. (*Morley v. Lake Shore Railway Co.*, 146 U. S. 162.) II. By operation of law the lien of a mortgage on land taken by right of eminent domain is transferred to the award. (*Hill v. Wine*, 35 App. Div. 520; *Gates v. De La Mare*, 142 N. Y. 307; *Bank of Auburn v. Roberts*, 45 Barb. 407, 44 N. Y. 192; *United States v. Certain Lands in Borough of Brooklyn*, 129 F. 2d 577; *United States v. Certain Lands in St. Louis*, 29 F. Supp. 92; *United States v. Dunnington*, 146 U. S. 338.) III. The mortgage contract was neither destroyed nor impaired when the mortgaged land was taken by right of eminent domain. IV. Payment of interest on an award for land taken by condemnation binds the fee owners only and not mortgagees. (*Matter of City of New York* [Bronx River Parkway], 284 N. Y. 48; *Matter of City of New York* [Chrystie Street], 268 N. Y. 679.)

Conway, J. On September 19, 1941, plaintiffs were owners in fee of real property in Brooklyn. The defendant bank held a first mortgage thereon upon which there was a balance due in the sum of $41,200. The interest rate provided in the mortgage was 5%. On the date mentioned, pursuant to a " decree or judgment " of the United States District Court in and for the Eastern District of New York, title to the property vested in the Government and there was deposited with the Registry of that court the sum of $40,000. That was done pursuant to section 258a of title 40 of the United States Code. That section provides that interest shall not be allowed on the sum paid into court. Thus plaintiffs, as owners, were not entitled to interest on the sum of $40,000 from the date of deposit but under that statute were entitled to interest at 6% per annum on any amount over $40,000 finally awarded as the value of the property, as of the date of taking, from such date to the date of payment (§ 258a).

Plaintiffs then moved in the United States District Court " for payment to them of said sum of Forty thousand ($40,000.00)

Dollars upon presentation of a satisfaction of said bond and mortgage, on which there was then owing, exclusive of interest, the sum of Forty-one thousand Two hundred ($41,200.00) Dollars.''

Plaintiffs were thus seeking an order which would enable them to obtain the $40,000 on deposit in court upon the presentation of a satisfaction of defendant's bond and mortgage in the sum of $41,200. That would have been a permissive order by means of which plaintiffs could have paid off the entire first mortgage, thereby terminating the running of interest thereon, and in addition could have made certain that, if they paid off the $41,200 to defendant and obtained a satisfaction piece, they could promptly obtain the $40,000 on deposit with the court. Whether or not the mortgage was an extended one is of no importance since the acceptance of payment and delivery of the satisfaction by defendant were to be conditions precedent to the receipt by plaintiffs of the $40,000 on deposit. Nevertheless defendant appeared in opposition to the granting of the motion and demanded that the sum on deposit be paid to it in *partial satisfaction* of its mortgage. Some months later an order was entered on defendant's motion directing payment of the sum on deposit to it and payment was actually made on February 20, 1942.

The condemnation proceeding continued and eventually it was determined that the proper compensation for plaintiffs' property was the sum of $65,500 with interest at 6% on that portion of the award exceeding $40,000 for the period from September 19, 1941, to June 6, 1945.

The parties then appeared in the New York State Supreme Court seeking a declaratory judgment upon an agreed statement of facts. The question presented was whether defendant was entitled to interest upon the deposit in court at the rate provided in the mortgage for the period between the taking of title by the Government on September 19, 1941, and the payment to the defendant on February 20, 1942. The Appellate Division, by a closely divided court, determined that the defendant was entitled to interest at the mortgage rate but only up to the date of the order which directed payment, namely February 4, 1942. The defendant has not appealed from such determination.

The question is a narrow one. There is no problem here presented as to personal liability. The plaintiffs are described only as " fee owners of the building and premises ". Where a mortgagee, without seeking to enforce the obligation of a bond, or other personal agreement to pay the amount of the mortgage debt, has sought court aid based upon equitable principles so as to reach the compensation which must be paid by the sovereign in condemnation to the owner of land taken, our State courts have long held that, since the contractual obligation is no longer secured by a lien upon the property, *to that extent* the obligation of the sovereign may be substituted for the bond, or other personal obligation to pay, and the mortgagee permitted to obtain the award but that it must be taken with such interest only as the sovereign may be required by statute to pay to the owner from the date of the vesting of title. (*German Savings Bank* v. *Dunn*, 75 Misc. 251, affd. 150 App. Div. 928; *Irving Trust Co.* v. *Hughes*, 239 App. Div. 74, 77; *Matter of Bond & Mortgage Guarantee Co.* [*Boardwalk, Coney Island*], 266 App. Div. 876, 922, 979, 980; *Muldoon* v. *Mid-Bronx Holding Corp.*, 287 N. Y. 227; *Matter of City of New York* [*Public Parks-Hammel Boardwalk Corp.*], 261 App. Div. 936, mod. 288 N. Y. 51.)

There must, of course, be affirmative action on the part of the mortgagee, but when such affirmative action has been taken, as it was here, it relates back to the time of the vesting of title. That rule was clearly stated and applied in the *Muldoon* case (*supra*). There the plaintiffs as trustees held a mortgage on property owned by the defendant, a portion of which had been taken in condemnation by the City of New York, the title vesting on May 1, 1939. The plaintiffs filed objections in the condemnation proceeding and requested that payment be made directly to them. The final decree was entered on March 7, 1940, and directed payment of the award with interest. Actual payment of the award was made several months later. The unpaid principal of the mortgage was greater than the award. The interest provided in the mortgage was 5¼%. We held that the plaintiffs were entitled to interest only at the lower rate of 4% from the date of vesting and, since the owner had paid at the interest rate provided in the mortgage, that it was entitled to a credit for the excess over 4%. We said (LEHMAN,

Ch. J.) at p. 231: " The statute does not in express terms provide that when a part of a parcel of land subject to the lien of a mortgage is taken in condemnation proceedings, the mortgage debt is reduced by the amount of the compensation which the sovereign must pay for the land taken and that such compensation shall belong to and shall be paid to holders of mortgage liens in order of priority. The right of the holders of a mortgage to payment of the award is not conferred by statute but is a right which such holders may assert upon equitable principles. *The plaintiffs have chosen to assert that right in the condemnation proceeding.* Since the lien of the mortgage upon the land taken was destroyed when title vested in the land, they have been awarded a right to resort to the compensation which must be paid to the owner of the land. The obligation of the sovereign to pay that compensation has *at their request* been transferred to them because the obligation created by the bond is no longer secured by a lien upon the property taken. *To that extent* the obligation of the sovereign has been substituted for the contractual obligation in the bond. Not the statute but the *voluntary act* of the owner of the mortgage has effected the substitution. The question might be different if the plaintiffs had chosen to enforce the obligation of the bond in accordance with its terms and had resorted to the award only to the extent necessary to pay a deficiency that might arise upon foreclosure of the mortgage. (See *Irving Trust Co.* v. *Hughes,* 239 App. Div. 74, at p. 77.) We do not consider or decide that question." (Emphasis supplied.)

So in the *Matter of City of New York (Public Parks-Hammel Boardwalk Corp.), supra,* the interest rate provided in the mortgage was 6%. The first mortgagee moved for payment of the award to it on September 7, 1940. The date of vesting of title in the City of New York was May 12, 1938. We held that the mortgagee was entitled to 6% interest only from the date of vesting to July 1, 1939, which was the effective date of the present section 3-a of the General Municipal Law (L. 1939, ch. 594), providing that the city should thereafter pay 4% upon awards.

The earliest case cited *supra* is *German Savings Bank* **v.** *Dunn* (1912). The rate of interest specified in the mortgage was 4%. There the court held that the mortgagee was entitled to 6% on the amount due from the date of vesting of title in

the city, since that was the interest rate then paid by the city upon such awards.

The judgments should be reversed, with costs to plaintiffs in all courts, and the action remitted to the Special Term for further proceedings not inconsistent with this opinion.

THACHER, J. (dissenting). In view of the Federal question involved in this case, I dissent and vote for affirmance for reasons stated by SWAN, J., in *United States* v. *Certain Lands in Borough of Brooklyn* (129 F. 2d 577).

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE and FULD, JJ., concur with CONWAY, J.; THACHER, J., dissents in memorandum.

Judgments reversed, etc.