Peter A. Qumrr, J.
This is an application by a mortgagee for direct payment of the balance due on its mortgage out of the proceeds of a condemnation award. The sole issue for determination is the amount of interest to which the petitioner is legally entitled.
Title to the subject property vested June 1, 1960. Pursuant to section B15-29.0 of the Administrative Code of the City of New York an involuntary advance payment of part of the condemnation award was authorized for payment on December 20, 1960. Interest on this sum at the statutory rate of 4% ceased to run on December 24, 1960. Due notice of the availability of such payment was published in the City Record and, in addition, written notice thereof was mailed to the attorneys representing the fee owner. No direct notice (such as by mail) was given to the mortgagee although it had filed its claim in the condemnation proceeding. The amount of the advance payment authorized was substantially in excess of the balance due on the mortgage. The final decree in the proceeding was entered on July 18, 1962 and the balance of the award was available for payment on September 24,1962, with interest at the statutory rate payable thereon only until such date. Neither the advance payment nor the balance of the award have yet been collected.
The former fee owner claims the petitioner is only entitled to interest at the mortgage rate of 4%% to the date of vesting of title and thereafter at the statutory rate of 4% to December 24, 1960, the date interest ceased to run on the authorized advance payment. The mortgagee concedes it is only entitled to interest at the mortgage rate to the date of vesting of title but claims interest at the statutory rate from that date to Sepember 24, 1962, the day interest ceased to run on the balance of the final award.
It is urged by petitioner that a mortgagee of condemned property has a lien on the entire condemnation award; that any authorized advance payment is available only and payable only *457 to the former fee owner subject to outstanding liens; that the constructive notice given by publication in the City Record of the availability of the advance payment is not binding on lienors but only on the former fee owner; that unless actual tender of payment is made by the former fee owner or actual payment is received by the mortgagee, interest runs on the mortgage balance until the final award is ready for payment.
The former fee owner contends that (1) mortgage holders are “ owners ” by definition of subdivision 5 of section B15-1.0[1] of the Administrative Code of the City of New York; (2) that as an “ owner” the mortgagee has the right to apply for direct payment of the balance due on the mortgage out of any authorized advance payment; and (3) that, insofar as interest ceases running on the advance payment, both the former fee owner and lienors are bound by the constructive notice given by due publication in the City Record in accordance with section B15-29.0 of the Administrative Code regardless of actual notice.
A taking in eminent domain of mortgaged property extinguishes the lien of the mortgage (Administrative Code of the City of New York, § B15-37.0). The mortgagee’s security is thereafter replaced by an equitable lien on the fund representing the award (Muldoon v. Mid-Bronx Holding Corp., 287 N. Y. 227; Matter of City of New York [Rockaway Beach], 288 N. Y. 51). Any interest claim against the award is limited to the statutory rate of 4% prescribed by section 3-a of the General Municipal Law from the date of vesting of title to the date the final award is ready for payment (Irving Trust Co. v. Hughes, 239 App. Div. 74; German Sav. Bank v. Dunn, 75 Misc. 251, affd. 150 App. Div. 928; Muldoon v. Mid-Bronx Holding Corp., supra). This obligation of the condemnor to pay interest is further limited, in the event an advance payment is authorized pursuant to section B15-29.0 of the Administrative Code, to statutory interest on such sum to the day it is ready for payment. A mortgagee who moves for direct payment of his lien out of an advance payment cannot obtain a higher rate of interest than the former fee owner would have been entitled to, that is, 4% from the date of vesting of title to the date interest is payable by the condemnor on the amount of the advance payment. (Fliegel v. Manhattan Sav. Bank, 296 N. Y. 214.)
The problem here arises with respect to the rights of a mortgagee who does not take affirmative action to obtain direct payment of his lien out of an advance payment but seeks payment out of the balance of the award after final decree. Is he then *458 ibarred from receiving any more interest than he would have been entitled to had he moved for direct payment out of the advance payment! The determination of this question cannot .affect the condemnor’s obligation since this is limited to the amount required to be paid as just compensation to the former fee owner together with interest thereon only as prescribed by statute. If the mortgagee is given the right to collect additional interest by reason of his failure or refusal to seek payment until the final award, the amount of such additional interest can only be carved out of the award to which the former fee owner is entitled. On the other hand, if the mortgagee is barred from the right to additional interest, the situation might very well be one in which subordinate lien holders whose liens could not be satisfied out of the amount of the advance payment would be entitled to interest for a greater period of time than the holder of the prior lien.
It is fundamental that the holder of a bond and mortgage has a double remedy. He may choose to enforce the obligation of the bond in accordance with its terms and obtain a personal money judgment against the debtor including interest at the mortgage rate. Or he may resort to the collateral represented iby the mortgage instrument and foreclose his lien on the real property. Only this latter remedy is extinguished, in the event the real property is acquired under eminent domain. (Administrative Code, § B15-37.0.) [2]
Any right a mortgagee has against the award-for-real-property-taken is not conferred by statute but is one courts have granted on equitable principles (Muldoon v. Mid-Bronx Holding Corp., 287 N. Y. 227, 231, supra) and, to the extent that such right is asserted, the obligation of the condemnor is substituted for that of the mortgagor. This substitution is given effect by the courts on the voluntary election of the mortgagee and having thus elected to proceed against the condemnor by affirmative action, the lienor cannot compel the payment of more than the condemnor would be required to pay to the former owner of the fee. (Fliegel v. Manhattan Sav. Bank, 296 N. Y. 214, supra.) It is the condemnor who makes a fund available for satisfaction .of the lien. It does this by authorizing an advance payment payable to the former fee owner subject to the mortgage. In order to stop the running of interest the condemnor need only publish a notice as prescribed by the statute. Anything more is *459 “ surplusage ”. (Matter of the City of New York [Carver Houses], 114 N. Y. S. 2d 760, affd. 281 App. Div. 970.)
In view of the identical status of “ owner ” accorded by the statute to the mortgagee and former holder of the fee, they were each equally authorized to apply for the advanced payment. Had the former fee owner applied and the mortgagee refused to accept such payment in satisfaction of its mortgage the latter would deserve short shrift on the instant application and should rightly be limited to statutory interest on the whole principal sum of the mortgage only to the cut-off date on the portion of the award available in advance. Both former fee owner and mortgagee, however, were equally lax. On equitable principles they should bear proportionately the loss of interest entailed by their common laches.
Motion granted to the extent of directing payment of the claimed mortgage balance plus interest thereon at the rate of 4%% from April 1, 1960 to the date of vesting of title and at the rate of 4% from the date of vesting of title to December 24, 1960, on so much of the advance payment as is in the ratio of the claimed mortgage balance to the whole award and to September 24, 1962 on so much of the remainder of the award, not available in advance, as is in the ratio of the mortgage balance to the whole award. Settle order, approved as to form by the Corporation Counsel, in terms of the specific amounts of principal and interest computed according to the foregoing ratios.

. An “ owner ” is “ [a] person having an estate, interest or easement in real property being acquired or a lien, charge or encumbrance thereon.”

. “ Where the whole of any lot or parcel of real property * * * shall be taken, all the covenants, contracts and engagements between * * * contracting parties touching the same, or any part thereof, upon the vesting of title in the city, shall cease and determine and be absolutely discharged.”