■ ALFRED H. COPP et al., Appellants, v. SANDS POINT MARINA, INC., Respondent.— In an action to recover arrears of interest on a mortgage note specifying an interest rate of 5%, such arrears having accrued after title to the mortgaged property had vested in the Town of North Hempstead pursuant to an order in a condemnation proceeding but prior to determination of the amount of the condemnation award, the plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated August 26, 1963, which denied their motion for summary judgment. Order reversed, with $10 costs and disbursements, and plaintiffs' motion for summary judgment granted, without prejudice to defendant's future right to a refund of the amount equal to the difference between the statutory 4% interest rate payable in the condemnation proceeding and the contract 5% rate payable under the mortgage note, in the event that plaintiffs hereafter should obtain payment of the debt or interest thereon from the condemnation award. The material facts are undisputed. In our opinion, plaintiffs have a right to sue on the note to recover the interest arrears at the rate specified in the note, since plaintiffs thus far have not asserted any claim in the condemnation proceeding or against the condemnation award (*Seamen's Bank For Sav.* v. *Smadbeck*, 293 N. Y. 91; *Matter of City of New York [Stephen Wise Project]*, 38 Misc 2d 455, 458; *Bank of N. Y.* v. *Blumenthal*, 285 N. Y. 598; *Kirschner* v. *Cohn*, 270 App. Div. 126, 129; cf. *Fliegel* v. *Manhattan Sav. Bank*, 296 N. Y. 214; *Muldoon* v. *Mid-Bronx Holding Corp.*, 287 N. Y. 227; *Irving Trust Co.* v. *Hughes*, 239 App. Div. 74; *Security Nat. Bank* v. *Sabatelli*, 38 Misc 2d 503). If, hereafter, plaintiffs should seek and obtain payment of the debt or interest thereon from the condemnation award, defendant may then be entitled to a refund of the excess interest paid for the period after the vesting of title in the condemnor, namely, the difference between the statutory rate of 4% and the 5% rate specified in the mortgage note (*Muldoon* v. *Mid-Bronx Holding Corp., supra*; see, also, *Irving Trust Co.* v. *Hughes, supra*). Ughetta, Acting P. J., Kleinfeld and Rabin, JJ., concur; Christ and Hill, JJ., dissent and vote to affirm the order denying plaintiffs' motion for summary judgment, with the following memorandum: In our opinion, the contract between the parties here should be construed to be subject and subordinate to the town's exercise of the sovereign power of eminent domain. When exercised, such power affects

the ownership of the lands taken as well as the contract rights of all parties based upon such ownership. Moreover, whatever the factual situation may have been in other cases, the parties here never contemplated that the contract interest rate would survive the statutory interest rate.