Samuel J. Silverman, J.
This is an application by a mortgagee for direct payment of the balance due on its mortgage *528 out of the proceeds of a condemnation award. The sole issue for determination is the amount of interest — at what rate and to what date — to which the petitioner is legally entitled.
Title to the subject property vested December 16, 1964. Pursuant to section B15-29.0 of the Administrative Code of the City of Netv York an advance payment of part of the condemnation award was authorized for payment on July 2,1965. Interest on this sum at the statutory rate of 4% ceased to run on July 7, 1965. Due notice of the availability of such payment was published in the City Record.
The amount of the advance payment authorized was in excess of the balance due on the mortgage and carried interest at the statutory rate payable thereon only until such date. The former fee owner claims that the petitioner is entitled to interest at the mortgage rate of 6% to the date of vesting of title and thereafter at the statutory rate of 4°Jo to July 7,1965, the date interest ceased to run on the authorized advance payment. The mortgagee claims that the fee owner is attempting to use the date of the advance payment as a cut-off date for full payment to the petitioner and claims this to be unfair.
A taking in eminent domain of mortgaged property extinguishes the lien of the mortgage (Administrative Code of City of New York, § B15-37.0). The mortgagee’s security is thereafter replaced by an equitable lien on the fund representing the award (Muldoon v. Mid-Bronx Holding Corp., 287 N. Y. 227 [1942]; Matter of City of New York [Rockaway Beach], 288 N. Y. 51) [1942]; the obligation of the sovereign condemnor is substituted for the security of the land.
Any interest claim against the award is limited to the statutory rate of 4% prescribed by section 3-a of the General Municipal Law from the date of vesting of title (Irving Trust Co. v. Hughes, 239 App. Div. 74, 76 [1st Dept., 1933]). This obligation of the condemnor to pay interest is further limited in the event an advance payment is authorized pursuant to section B15-29.0 of the Administrative Code, to statutory interest on such sum to the date it is ready for payment. A mortgagee who moves for direct payment of his lien out of an advance payment cannot obtain more or other interest than is included in the payment, that is, 4% from the date of vesting of title to the date interest is payable by the condemnor on the amount of the advance payment (Fliegel v. Manhattan Sav. Bank, 296 N. Y. 214 [1947]; cf. Copp v. Sands Point Marina, 21 A D 2d 824 [2d Dept., 19641).
Motion granted to the extent of directing payment of the claimed mortgage balance plus interest thereon at the rate of 6% from October 1, 1964 to the date of vesting of title and at *529 the rate of 4% from the date of vesting of title to July 7, 1965, provided, however, that before any payment is made out of said advance payment all taxes, assessments, water charges, sewer rents and/or other liens and encumbrances open of record as of the vesting date and still unpaid first be deducted from said advance payment and that the balance of said advance payment be then applied to any liens affecting said damage parcel in the order of their priority.