■ MICHAEL LEVINE, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 67027.) — Cross appeals (1) from an order of the Court of Claims (Koreman, P. J.), entered November 3, 1983, which granted claimant's motion for summary judgment, and (2) from the judgment entered thereon.

On September 3, 1981, the City of New York took title by condemnation of certain real property in Queens previously owned by claimant. At the time of the taking, the property was subject to a mortgage owned by the New York State Employees Retirement System which secured payment of a note in the original amount of $1,000,000. The maturity date of the note was December 30, 1980. According to the terms of the note, the obligor was required to pay interest at the rate of 5⅛% until maturity and thereafter "at the highest legal rate until paid".

Prior to paying the condemnation award, the City of New York required that claimant provide it with a satisfaction statement from the State Comptroller, the trustee for the retirement system. The Comptroller demanded the payment of $642,583.62 as a condition of the satisfaction. That sum represented the unpaid balance of the note together with interest at the rate of 14% from the maturity date. Claimant contended that the amount owed was $61,775.05 less than the demand, computing interest at the rate of 5⅛%. Claimant paid the amount demanded, under protest, and then commenced this action in the Court of Claims for a refund. Ruling on a motion for summary judgment by claimant and a cross motion by the State, the Court of Claims granted summary judgment to claimant for a refund to be calculated at the rate of 8% per annum on the principal amount of $580,526.62 from September 3, 1981 to March 18, 1982, the date of payment. In arriving at that conclusion, the court allowed interest at the rate of 14% from the maturity date of the note until the date of condemnation and 6% from the date

of condemnation until final payment. These cross appeals ensued.

Claimant contends that interest should have been calculated at 5⅛% for the entire period and that judgment should have been for the amount demanded in the claim. The State contends that interest should have been calculated at 14% for the entire period and that the claim should have been denied.

We agree with the Court of Claims. Neither claimant nor the Comptroller was a party to the mortgage and note when they were first executed. When claimant accepted title to the premises, although he did not assume payment of the note, his interest was subject to the lien of the mortgage. The mortgage incorporated the terms of the note. The note specifically stated that postmaturity interest would be at the highest legal rate. We reject claimant's contention that the mortgage established a maximum postmaturity rate of 6% in variance with the terms of the note. The Court of Claims properly determined that the rate stated in the mortgage applied to delinquent payments before maturity or to acceleration of maturity. As such, those terms are inapplicable to the facts of this case. The Comptroller's demand for interest was within the legal limits (General Obligations Law, § 5-501) and the computation of interest at 14% was properly allowed to the date of condemnation. From the date of condemnation, the rights of the parties were limited by two statutes.

Subdivision a of section B15-37.0 of the Administrative Code of the City of New York provides: "Where the whole of any lot or parcel of real property * * * shall be taken, all the covenants, contracts and engagements between * * * contracting parties touching the same, or any part thereof, upon vesting of title in the city, shall cease and determine and be absolutely discharged." Following condemnation, the mortgagee's lien on the real property is transferred to the compensation award provided by the sovereign (*Copp v Sands Point Marina,* 17 NY2d 291, 293; *Fliegel v Manhattan Sav. Bank,* 296 NY 214, 218; *Muldoon v Mid-Bronx Holding Corp.,* 287 NY 227, 231). Where the holder of a mortgage substitutes the obligation of the sovereign for that of the mortgagor, he may collect interest only at the rate which the sovereign by statute is required to pay (*Fliegel v Manhattan Sav. Bank, supra,* p 218). Subdivision 2 of section 3-a of the General Municipal Law provides that the rate of interest on municipal obligations arising from condemnation proceedings is 6%.

The case was dealt with by the parties in a much more complex manner. The controversy, both in this court and the

Court of Claims, was primarily concerned with whether there had been a mortgage modification agreement. Having decided as we have, that issue is academic. The State has been permitted to recover the same rate of interest as it would have recovered had a valid extension agreement existed. Claimant, who claimed that no valid extension agreement existed, is in the same position as he would have been had the court declared the nonexistence of such an agreement.

Order and judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.