In the Matter of COUNTY OF WESTCHESTER, Petitioner, *v.* P & M MATERIALS CORPORATION et al., Respondents. MELSAC CORPORATION, Intervenor-Respondent.

Supreme Court, Westchester County, January 10, 1962.

*Francis J. Morgan, Acting County Attorney,* for petitioner. *Kent, Hazzard, Jaeger & Wilson* for P & M Materials Corporation, respondent. *Cerrato, Nayor & Edmiston* for Boyce Thompson Institute for Plant Research, Inc., respondent. *Close, Griffiths, McCarthy & Gaynor* for Melsac Corporation, intervenor-respondent.

CLARE J. HOYT, J. A judgment of condemnation was granted and entered on August 2, 1961, upon the application of Westchester County, vesting title in it to certain lands in the City of Yonkers, and the Town of Greenburgh, Westchester County. The defendants in the proceeding at the outset were P & M Materials Corporation, the owner of the premises, herein called the owner, and Boyce Thompson Institute for Plant Research, Inc., herein called the mortgagee, which had formerly owned the premises, sold them to the owner in February, 1959 and taken back a purchase-money mortgage in the amount of $650,000 with interest at 5%, securing a mortgage note in that amount. Subsequent to the judgment of condemnation, Melsac Corporation, herein called the intervenor, on its application was permitted to intervene as a defendant. The intervenor had contracted to purchase the premises from the owner, the sale to be consummated on August 2, 1961, the day the judgment of condemnation was granted.

The mortgagee now moves on motion to the county, to the owner and to the intervenor for a final judgment in its favor in the amount of $503,750 with interest and for a severance of the action as to it. The owner concedes that the principal balance

unpaid on the mortgage is $503,750 and urges that the mortgagee be paid that sum plus interest at 5% from May 24, 1961, the date to which interest was last paid, to August 2, 1961, the date of the judgment of condemnation and thereafter at the rate of 4% per annum to the date of payment. The intervenor likewise urges payment at this time of the mortgage to the mortgagee.

The only objection comes from the County of Westchester which claims that the court under the Westchester County Administrative Code (art. 8, tit. B, §§ 101–124, L. 1948, ch. 852) does not have the power to grant the motion. The county does not raise the question of the value of the premises, that is what relationship the award may bear to the amount which is admittedly due on this mortgage and which the mortgagee now seeks to have paid.

It is well settled that upon the granting and entry of a judgment of condemnation the mortgagee's lien upon the lands in question is extinguished and upon equitable principles the former mortgage lien becomes a lien or incumbrance upon the condemnation award (19 N. Y. Jur., Eminent Domain, § 124, pp. 332–333).

This principle was clearly set forth in *Muldoon* v. *Mid-Bronx Holding Corp.* (287 N. Y. 227) wherein the court resolved a controversy between the owner and the mortgagee as to the interest the mortgagee was to receive subsequent to the vesting of title on condemnation, by determining that the mortgagee would be entitled from the award to interest at the statutory rate, and not at the mortgage rate. The court through Judge LEHMAN stated (p. 229): '' The city took title to the premises free from the mortgage lien, but the equitable lien of the mortgage then attached to the damages awarded for the land. ' When land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it.' (*Utter* v. *Richmond*, 112 N. Y. 610, 613.) '' At page 231 we find: '' The rights of the holders of a mortgage to payment of the award is not conferred by the statute but is a right which such holders may assert upon equitable principles. * * * Since the lien of the mortgage upon the land taken was destroyed when title vested in the land, they have been awarded a right to resort to the compensation which must be paid to the owner of the land.''

From these authorities explaining the nature of the lien of the mortgage after condemnation, it is apparent that the mortgagee has a lien upon the award. But how can the mortgage be paid until an award is actually made, until there has been a judgment fixing the award.

The court is not unmindful of the position of the mortgagee, deprived of its money until an award is made. However, is this not one of the incidents that befalls mortgagees who take as security lands that may be condemned? Are they not subject to condemnation with possible involvement in litigation the same as the fee owner?

The Westchester County Administrative Code provides in sections 121 and 123 that the code shall be construed so that the condemnation proceedings shall be conducted expeditiously and economically and that the practice of the court shall conform to the ordinary practice of the court. The Supreme Court has, of course, general jurisdiction in equity and its authority is very broad and adapted to meet new situations (*Youngs* v. *Carter*, 10 Hun 194). Yet the granting of the motion herein requested would be an unwarranted exercise of that authority.

Although the motion does not by its terms seek summary judgment, the memorandum submitted by the movant speaks of the relief sought as being summary judgment. Rule 114 of the Rules of Civil Practice permits partial summary judgment, but under rule 113 of the Rules of Civil Practice, although greatly broadened to encompass any action, the remedy lies where issue has been joined and an answer has been served. Here there has been no answer by the movant or any other defendant. The movants are not entitled to relief under section 476 of the Civil Practice Act, because the pleadings herein do not entitle the movant to the relief it seeks at this time.

The court is able to find but one case dealing with summary judgment in a condemnation proceeding. In that case, *Algonquin Gas Transmission Co.* v. *E. W. Realty Corp.* (281 App. Div. 898 [2d Dept.], appeal dismissed 305 N. Y. 919), we find at page 899: " Moreover the propriety of granting summary judgment under rule 113 of the Rules of Civil Practice in this proceeding is open to question. The rule authorizes such a motion in an ' action ' and contemplates the ' ordinary ' or conventional action or proceeding. This is a proceeding in rem in which the public interest is integrated; not an action or proceeding between conventional parties."

In addition to the foregoing considerations, the court can envision abuses and problems that might arise were condemning authorities directed to pay mortgages after judgments of condemnation upon applications made by mortgagees. Landowners anticipating that their properties might be taken in condemnation proceedings, could execute mortgages on their properties prior to the institution of the proceedings, and the mortgages would be paid immediately after the judgment of condemnation.

It is realized that in the case at bar the mortgage was a purchase-money mortgage given in the sale of the property long before the proceeding was instituted. Then too, if mortgagees were entitled to payment after the judgment of condemnation, the municipality, in an effort to defeat the applications, might oppose payment on the ground that the mortgage indebtedness equalled or approached the value of the lands being taken. In this situation the court would have to make some determination of the value of the premises condemned. In effect, the court upon an application by a mortgagee for payment of its mortgage would have to make some determination as to the value of the property in relation to the mortgage. This certainly is not the province of the court prior to the proceedings to fix the value of the premises for the purpose of making an award. The motion is, thus, denied.