■ GOLDNER TRUCKING CORP., Respondent, v. STOLL PACKING CORP., Appellant, et al., Defendant.— In an action to recover damages for the conversion of two trailers, defendant Stoll Packing Corp. appeals from an order of the Supreme Court, Queens County, dated September 27, 1961, which denied its motion for summary judgment dismissing the fourth amended complaint on the merits as to it (Rules Civ. Prac., rule 113). Order affirmed, with $10 costs and disbursements (cf. Goldner Trucking Corp. v. Stoll Packing Corp., 12 A D 2d 639). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ HARRY GUTMAN, Individually and Doing Business as TARGET SUPER SERVICE Co., Respondent, v. JOHN FERO, Individually and/or Doing Business as SUPERIOR DISTRIBUTORS, Appellant.— In an action for an injunction and for an accounting, in which plaintiff charged defendant, a former employee, with solicitation of plaintiff's customers in violation of a restrictive covenant against such competition, defendant appeals from an order of the Supreme Court, Kings County, dated May 4, 1962, which granted plaintiff's motion for an injunction, pendente lite, to the extent of enjoining the defendant from soliciting certain customers of the plaintiff. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of the COUNTY OF WESTCHESTER, Respondent, v. P. & M. MATERIAL CORPORATION, Defendant; and BOYCE THOMPSON INSTITUTE FOR PLANT RESEARCH, INC., Appellant, and MELSAC CORPORATION, Intervenor-Defendant.— In a condemnation proceeding under article 8, title B of the Westchester County Administrative Code (L. 1948, ch. 852, as amd.), to acquire for public use the title to certain real property, located partly in the City of Yonkers and partly in the Town of Greenburgh, the defendant-appellant Boyce Thompson Institute for Plant Research, Inc., holder of a first mortgage on the property, appeals from an order of the Supreme Court, Westchester County, dated January 29, 1962, which denied its motion (1) for a final judgment in its favor in the sum of $503,750 (representing the principal balance due on said mortgage), with appropriate interest thereon; and (2) for a severance of the proceeding as to it. At the time of the making of the motion, title to the property had vested in the respondent County of Westchester by virtue of a judgment of condemnation entered August 2, 1961, but the amount of the compensation to be made to the owner had not yet been determined. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur. [35 Misc 2d 197.]