JOEL R. DANIEL et al., Respondents, v. SOBEN EQUITIES CORP., Appellant, et al., Defendant.

First Department, May 27, 1965.

*Arnold Schildhaus* for appellant.

*Robert Moers* for respondents.

*Per Curiam.* On a motion by plaintiffs which was granted on default, defendant's original answer in this mortgage foreclosure action was stricken as sham. Defendant also ignored notice of the reference to compute and notice of the motion for confirmation of the Referee's report and for judgment of foreclosure and sale. The amounts for which judgment was entered, apart from mortgage principal and interest, were $1,682.35, consisting of $754.60, representing taxes and insurance premiums paid by plaintiffs and advances made by them to a senior mortgagee; $750.75, representing the Referee's fee, advertising expenses and taxable costs and disbursements; and $177, representing an allowance in addition to costs.

After the fourth publication of the advertisement of the sale, and aware of the probability of condemnation of the premises by the City of New York, defendant moved for an order compelling plaintiffs to accept payment of all arrears "together with costs and disbursements of this action" and to reinstate the mortgage, or, in the alternative, for an order opening defendant's defaults and setting aside not only the order striking defendant's answer but also the judgment of foreclosure and sale. The motion was granted to the extent of permitting defendant to answer but the court declined to set aside the judgment and instead directed that it stand as security. The advertising was completed before the return day of the motion, but no sale was held.

The answer which defendant thereafter served is omitted from the record but the affidavit submitted by defendant in support of its motion indicates the nature of the defenses, viz., that plaintiffs had failed to credit defendant with rents collected under an assignment of rents and that plaintiffs had orally agreed to accept payment of all the arrears and to reinstate the mortgage. By its direction that the judgment stand as security the court gave notice to defendant that the judgment would retain its vitality unless the defenses prevailed.

After service of the answer the city took title to the property by eminent domain. Defendant then moved to vacate the judgment on the ground that it was "no longer necessary to protect the Plaintiffs as their rights and the amount due them will be established in the condemnation proceeding. This action is now stayed as a result of the condemnation proceedings". The court at first granted the motion but, after considering plaintiffs' objection that vacatur would deprive them of $1,682.35

since they would receive only mortgage principal and interest in the condemnation proceeding, the court modified its order to the extent of conditioning the vacatur on payment of the items aggregating the above-mentioned sum of $750.75. (Reference in the order to payment of an auctioneer's fee appears inadvertent.) Objecting to the modification, defendant appeals.

The dissenting opinion states that " due to the property being taken in eminent domain, no judgment could be enforced." The taking, it is true, prevented a foreclosure sale but that in itself seems no reason why the amounts directed to be paid plaintiffs out of the proceeds of sale should not be paid out of the condemnation proceeds. The judgment was a lien on the property pending the outcome of the action, as the opinion says, and " No doctrine could be more clearly just than that, when land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it " (*Utter* v. *Richmond*, 112 N. Y. 610, 613). Accordingly, defendant was not entitled to have the judgment vacated merely because the property had been condemned; it still had to establish its defenses. As far as can be ascertained from this record, the condemnation is no impediment to a trial of the defenses. In the abstract it may seem academic to determine whether a mortgagee was entitled to a foreclosure sale which in any event will not occur, but in the concrete circumstances of this case such a determination appears both feasible and advisable.

Plaintiffs appear willing to accept the order as it stands, i.e., that the vacatur be conditioned on payment of $750.75. Accordingly, the order should be affirmed, with costs to plaintiffs.

STEUER, J. (dissenting). Plaintiffs instituted this action to foreclose a mortgage. Defendant defaulted and a judgment of foreclosure was entered. Later defendant, discovering that the property was about to be taken by the city in condemnation, moved to open the default. The motion was granted. No terms were imposed except that the judgment was allowed to " stand as security." Thereafter defendant moved to vacate the judgment. After first granting the motion, Special Term on reargument reinstated so much of the judgment as applied to costs. There were further maneuvers as to the items of costs allowed and these have been determined.

I fail to see on the state of the record how plaintiffs are entitled to costs. Once the default was opened and defendant given permission to answer, the action stood in the position in which it did when instituted, that is, that plaintiffs had asserted a right to foreclose, which right had not been in any way deter-

mined. Of course, Special Term could have imposed any reasonable condition upon granting relief, such as the payment of costs, as it deemed advisable. But no such condition was imposed. Allowing the judgment to stand as security was entirely ineffectual. All that could be accomplished thereby was to place a lien on the property pending the outcome of the action. Concededly, due to the property being taken in eminent domain, no judgment could be enforced. Whether plaintiffs would have been entitled to foreclose has never been determined, and now never will be. As plaintiffs' right to costs depends on their right to foreclose, this also has been lost.

It may be conceded that the equities are all with plaintiffs. They started the action in good faith and it is apparent that it was not going to be defended until news of the proposed condemnation came to defendant. But nevertheless the default was opened without any provision for costs, and the court is powerless to correct the situation.

I believe the majority regards the order on appeal as a grant upon terms such as might have been imposed on the application to open the default and, hence, proper. The difficulty with that solution is that the operative provisions of the judgment must now be vacated, as they have been. This is not a matter of favor to defendant which can be granted upon terms. Actually, it only serves to correct the record to conform to what has developed. And as there can be no judgment, there can be no adjudication that plaintiffs are entitled to the relief they sought.

The order should be reversed and defendant's motion granted, but without costs.

BOTEIN, P. J., RABIN, McNALLY and STEVENS, JJ., concur in Per Curiam opinion; STEUER, J., dissents in opinion.

Order, entered on July 27, 1964, so far as appealed from, affirmed, with $30 costs and disbursements to respondents.