Scileppi, J.
In November, 1958 the defendant corporation executed a note secured by a purchase-money mortgage for $103,500, with interest thereon at 5%. The principal was due five years from the date of execution, and the interest was payable semiannually. The plaintiffs bring this action on the note to recover $5,175, representing two unpaid interest payments, each $2,587.50. The first payment was due on November 21, 1962, the second on May 21, 1963.
The defendant admits the making of the note and the nonpayment of the interest. In defense, it urges that, since, after a condemnation proceeding, title vested in the Town of North Hempstead on October 8, 1962, the plaintiffs are only entitled to a statutory rate of interest at 4% (General Municipal Law, § 3-a, subds. 2, 3), and it may only be recovered by proceeding against the condemnation award, when it is made.
Plaintiffs’ motion for summary judgment was denied at Special Term. The Appellate Division, two Justices dissenting, reversed and granted the motion. We affirm.
It is fundamental that the holder of a note (or bond) and mortgage has two remedies: one at law in a suit on the debt as evidenced by the note, the other in equity to foreclose the mortgage (Seaman’s Bank for Sav. v. Smadbeck, 293 N. Y. 91, 95; Dudley v. Congregation of St. Francis, 138 N. Y. 451, 457). The note represents the primary personal obligation of the mortgagor, and the mortgage is merely the security for such obligation (see Matter of Wilbur v. Warren, 104 N. Y. 192,197). When the sovereign affects the relationship between the mortgagor and the mortgagee by means of condemnation proceedings, the law substitutes the condemnation award for the security previously provided by the mortgage (Muldoon v. Mid-Bronx Holding Corp., 287 N. Y. 227, 231). In other words, the lien on the mortgaged property has been transferred to the condemnation award. Chief Judge Lehman, writing for this court in Muldoon, specifically left open the question presented here, i.e., *294 whether, after the condemnation of mortgaged property, the holder of the note may assert his rights against the mortgagee in an action on the note and not be circumscribed by the change of the status of the security (287 N. Y. 227, 231).
Since only the mortgage lien is affected by the condemnation — a proceeding by which the sovereign obtains the property free from incumbrances—we hold that the holder of the note may sue at law thereon and, in so doing, may recover interest at the rate specified therein.
Special Term’s exclusive reliance on Matter of County of Westchester v. P. & M. Material Corp. (35 Misc 2d 197, affd. 17 A D 2d 822) was erroneous because that case involved not an action on the note but an attempt by a mortgagee to enforce its lien against the award before it was paid to the owner of the parcel.
The order appealed from should be affirmed, with costs.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Bergan and Keating concur.
Order affirmed.