Maxwell D. Silverman et al., Appellants, v State of New York et al., Respondents. (Claim Nos. 50765, 52678.)

Third Department, July 2, 1975

*Jack Goodman & J. Steven Holt (Jack Goodman* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Vernon Stuart* and *Ruth Kessler Toch* of counsel), for State of New York, respondent.

*Raphael, Searles, Vischi, Scher, Glover & D'Elia (Sidney Z. Searles* of counsel), for 124 Ferry St. Realty Corporation, respondent.

Sweeney, J. Another phase of this appropriation case was recently determined by this court. *(124 Ferry St. Realty Corp.*

*v State of New York,* 48 AD2d 959). There we were concerned with the claim of the owner of the land appropriated. Here we deal solely with the claim of the mortgagees of the appropriated property. Specifically, we are confronted with two issues: (1) whether the State is liable for a prepayment penalty prescribed in the bond and mortgage; and (2) whether the trial court properly penalized claimants pursuant to subdivision 1 of section 19 of the Court of Claims Act because of the "late filing" of their claim.

From our research, we are unable to find that the first of these issues has been passed upon by the courts of this State. In our view, however, the trial court properly held claimants were not entitled to an award for the prepayment penalty provided for in the bond and mortgage. Implicit in the right to recover under a prepayment penalty provision of a bond and mortgage is the election by the mortgagor to terminate the mortgage by early payment. Prepayment of the mortgage may be a detriment to the mortgagee and the parties may in such event provide by agreement for such a contingency, as they did in the present case. No such voluntary prepayment of the mortgage by the mortgagor occurred here, however. It was the State's appropriation of the property securing the mortgage which accelerated the mortgage payment. By the language of the mortgage, this event was neither envisioned, nor contemplated, by the parties. Claimants, therefore, were not entitled to the prepayment penalty under such circumstances. Similar results were reached by the courts of two of our sister States. *(Jala Corp. v Berkeley Sav. & Loan Assn.,* 104 NJ Super 394; *Chestnut Corp. v Bankers Bond & Mtge. Co.,* 395 Pa 153.)

The claimants maintain, however, that as the result of the May 14, 1970 amendment to subdivision 13-d of section 30 of the Highway Law, they are entitled to the sum fixed in the mortgage as a surcharge for the prepayment contingency. This contention also lacks merit. It is significant that the appropriation in question occurred on November 21, 1968. This amendment was enacted some 19 months later and specifically provided for an effective date of May 14, 1970. Since there is a presumption against retrospective application of a statute, it will be applied prospectively unless a clear contrary expression is stated. *(Gleason v Gleason,* 26 NY2d 28.) Such construction is further bolstered in the instant case by the postponement of the effective date. *(Matter of Mulligan v Murphy,* 14 NY2d 223, 226.)

We pass to the second issue raised by claimants, that of the computation of interest. The trial court, relying on the authority conferred by subdivision 1 of section 19 of the Court of Claims Act, disallowed interest on the mortgage balance from May 21, 1969 (six months after the appropriation) to June 29, 1970 (the date the claimant mortgagees filed their claim). This, in our opinion, was erroneous. When property subject to a mortgage is appropriated, the rights of the mortgagee become an equitable lien on the appropriation award, which acts as a substitute for the security in place of the property. *(Copp v Sands Point Marina,* 17 NY2d 291, 293.) In a condemnation of mortgaged property, the mortgagee has the option of asserting his lien in that proceeding, or merely giving the State Comptroller notice of his lien. Since claimants were not required to file a claim, they should not be penalized for electing to do so. Consequently, the trial court's decision should be modified to allow interest from May 21, 1969 to June 29, 1970.

The judgment, insofar as appealed from, should be modified, on the law, so as to allow claimants interest on moneys due on the mortgage from May 21, 1969 to June 29, 1970, and, as so modified, affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, MAIN and LARKIN, JJ. concur.

Judgment, insofar as appealed from, modified, on the law, so as to allow claimants interest on moneys due on the mortgage from May 21, 1969 to June 29, 1970, and, as so modified, affirmed, without costs.