**Ocie M. WILLIAMS**

v.

**AMITY BANK.**

**Civ. No. N–87–22(JAC).**

United States District Court, D. Connecticut.

Dec. 30, 1988.

Ocie M. Williams, Gunzburg, Germany, pro se.

Ellery Plotkin, Norwalk, Conn., for defendant.

## RULING ON PENDING MOTIONS

JOSÉ A. CABRANES, District Judge:

Plaintiff has filed *pro se* a complaint alleging "gross violation of the Federal Fair Credit Reporting Act [15 U.S.C. § 1681 *et seq.*] and the Equal Credit Opportunity Act [15 U.S.C. § 1691 *et seq.*]." *See* Complaint (filed Jan. 27, 1987) ("Complaint") at ¶ 10. Plaintiff seeks, *inter alia,* "Five million in puntive [sic] damages" and "Five million in mental anguish and mental distress." *Id.* Defendant has filed a counterclaim alleging that plaintiff's claim "is in all respects unnecessary and vexatious" and seeking damages for excessive costs pursuant to 28 U.S.C. § 1927. *See* Answer, Affirmative Defense and Counterclaim

(filed June 9, 1987) ("Answer") at Counterclaim ¶¶ 2–3.

Defendant has moved for summary judgment in its favor on both the Complaint and the Counterclaim. Plaintiff has moved to establish this case as a class action.

Based on the full record of this case, defendant's motion for summary judgment is hereby GRANTED with respect to the Complaint and DENIED with respect to the Counterclaim. Plaintiff's motion to establish this case as a class action is DENIED AS MOOT.

### FACTS

The following facts appear undisputed. Plaintiff Williams is a retired member of the military employed by the United States Government as a civil service worker in the Federal Republic of Germany. *See* Statement of Facts Re: Local Rule 9(c) (filed Nov. 9, 1987) at ¶ 3; Complaint at ¶ 2. On or about October 10, 1986, Williams submitted a "Military Credit Application" to defendant Amity Bank ("Amity"). *See* Affidavit in Support of Motion for Summary Judgment (filed Nov. 9, 1987) ("Defendant's Affidavit") at Ex. A. On the application Williams listed his "grade" as "G-2/E7 Ret."; he also told the Amity representative with whom he spoke that he was retired. *See* Defendant's Affidavit at Ex. A.; Appendix of Documents Re: Defendant's Motion for Summary Judgment (filed Nov. 9, 1987) at Transcript of Deposition of Plaintiff taken on July 24, 1987 ("Williams Deposition"), p. 13. Amity rejected plaintiff's application for credit, and so notified Williams. *See* Defendant's Affidavit at ¶ 8 and Ex. B; Complaint at ¶ 4. An Amity representative suggested that plaintiff's wife apply for credit. *See* Defendant's Affidavit at ¶ 8; Complaint at ¶ 5. Plaintiff's wife is an active member of the United States military. *See* Answer Motion for Summary Judgment (filed Dec. 1, 1987) ("Plaintiff's Opposition") at Ex. A; Defendant's Affidavit at ¶ 8.

Amity is a banking corporation doing business under the laws of the State of Connecticut. *See* Complaint at ¶ 3; Answer at ¶ 3. It does not furnish reports containing consumer credit information or other information on consumers to *third parties*. *See* Defendant's Affidavit at ¶ 14. No report containing consumer credit information regarding Williams was prepared at any time in 1986, *see* Defendant's Affidavit at ¶ 13; Williams Deposition, pp. 25–26 and Ex. C, and therefore Amity did not use such a report in rejecting plaintiff's application for credit.

Further facts alleged by defendant, and refuted by plaintiff in only a conclusory fashion, explain the rejection of plaintiff's application. The "Military Credit" for which Williams applied is issued through a program that Amity makes available only to active members of the United States military. It is not available to civilian employees of the United States Government or to civil service employees. *See* Defendant's Affidavit at ¶ 6. Amity rejected plaintiff's application because Williams is a civil service employee and not an active member of the United States military. *See* Defendant's Affidavit at ¶ 7. Plaintiff conjures a number of other reasons to suggest why his credit application was rejected, but none is even remotely credible.[1] Plaintiff seems primarily to contend that the rejection was the result of discrimination on the basis of sex or marital status, because the Amity representative suggested that plaintiff's wife apply for credit. *See* Williams Deposition, pp. 30–31. The Amity representative, however, believed that plaintiff's wife was at the time an active member of the military, and therefore in fact eligible for "Military Credit." *See* Defendant's Affidavit at ¶ 8. Williams also implies that the rejection was related to the fact that

---

1. Williams has admitted that his application was *not* rejected because of discrimination on the basis of age, religion, race, color, or national origin, *see* Williams Deposition, pp. 30–31. He has also indicated that he does not derive any income from any public assistance program, *see* Williams Deposition, p. 29.

We note also that there is no evidence suggesting discrimination on the basis of the exercise of any rights under Chapter 41 of the United States Code, for the rejection of plaintiff's application came prior to the commencement of this suit.

the loan for which he applied would have enabled him to buy a car for his "out-of-wedlock son," *see* Complaint at ¶ 8; Williams Deposition, p. 21, but we see no basis at all for concluding that this fact, even if known to Amity, contributed in any way to the rejection of the credit application.

## DISCUSSION

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 12 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed. 2d 762 (1987). Finally, mere conclusory allegations and denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980); *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

Defendant seeks summary judgment both on the entire Complaint and on the Counterclaim. The Complaint alleges that defendant has violated both the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* We first address the claims under the Fair Credit Reporting Act.

### A.

■ The Fair Credit Reporting Act establishes civil liability for willful or negligent noncompliance with the Act's requirements by "[a]ny consumer reporting agency or user of information." 15 U.S.C. §§ 1681n, 1681o. In turn "consumer reporting agency" is defined as

> any person which for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). The undisputed facts of the case establish that Amity does not furnish reports containing consumer credit information or other information on consumers to third parties, and therefore is not a "consumer reporting agency." Similarly, the undisputed facts establish that Amity did not use any information in a "consumer report" in rejecting plaintiff's application for credit. Accordingly, defendant cannot be liable in this case under the Fair Credit Reporting Act.

■ Plaintiff appears to argue that Amity's failure to use a "consumer report" in evaluating his application for credit is itself a violation of the Fair Credit Reporting Act. He states that "[d]efendant is required by law to make a credit check...." Plaintiff's Opposition at 1. We know of no such legal requirement. Moreover, in circumstances such as these, where defendant already knew that plaintiff did not meet the requirements of the specific credit program under which he had applied, there would appear to be no point in requiring defendant to obtain a "consumer report."

Plaintiff contends that this case is similar to *Carroll v. Exxon Co., U.S.A.,* 434 F.Supp. 557 (E.D.La.1977), in which the court found defendant had violated the Fair Credit Reporting Act. The defendant in *Carroll,* however, had based the denial of credit upon information received from a credit bureau, and it was therefore a "user of information" within the meaning of the act. *See id.* at 559. In the present case, on the other hand, Amity was not a "user of information." Accordingly, the undisputed facts establish that plaintiff cannot recover under the Fair Credit Reporting Act.

### B.

We turn next to the Equal Credit Opportunity Act. This Act prohibits creditors from engaging in certain kinds of discrimination against applicants for credit, and also requires that an applicant against whom adverse action is taken receive "a statement of reasons for such action from the creditor." *See* 15 U.S.C. § 1691. The obligation to provide a statement of reasons is satisfied by the creditor

> giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained.

15 U.S.C. § 1691(d)(2)(B).

■ Amity notified Williams that his application for credit had been denied. *See* Defendant's Affidavit at Ex. B. The written notification stated that Williams had the right to a statement of reasons, and gave the name of the department and the address from which to request such a statement. *See id.* Amity therefore complied with the requirements of 15 U.S.C. § 1691(d)(2)(B). Williams never requested a statement of reasons in response to this notification. *See* Williams Deposition, p. 22.[2]

In addition, there is no genuine issue regarding whether Amity engaged in any discrimination prohibited by the Equal Opportunity Credit Act. The Act prohibits discrimination

(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);

(2) because all or part of the applicant's income derives from any public assistance program; or

(3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a). Williams has admitted that his application was *not* rejected because of discrimination on the basis of age, religion, race, color, or national origin. *See* Williams Deposition, pp. 30–31. He has also indicated that he does not derive any income from any public assistance program. *See* Williams Deposition, p. 29. In any event, we think the record clearly establishes that Amity rejected plaintiff's application because Williams was a civil service employee and not an active member of the United States military.

■ Plaintiff states that disqualifying him because of his military status "is discrimination within itself." *See* Plaintiff's Opposition at 4. He appears to argue that the Equal Credit Opportunity Act prohibits such discrimination. We disagree. The Equal Credit Opportunity Act does not make all discrimination unlawful, but only discrimination in certain, enumerated ways. Discrimination on the basis of military status is not listed, and there is no evidence that such discrimination in this case was a subterfuge for a form of prohibited discrimination. Indeed, we see no reason why a creditor should not be able to discriminate in favor of those who are actively serving the United States as active members of the United States military.

Plaintiff contends that the decisions in *Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), and *McDonnell Douglas Corp. v. Green,* 411

---

**2.** Plaintiff's reliance on *Carroll v. Exxon Co., U.S.A.,* 434 F.Supp. 557 (E.D.La.1977) is again misplaced, as in that case a request was made for a statement of reasons. *Id.* at 559.

228

U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), apply in this case. Both of those cases, however, addressed practices that allegedly involved discrimination on the basis of race. Racial discrimination is unlawful under the Equal Credit Opportunity Act. Discrimination on the basis of military status is not.

In sum, there is no evidence of any violation of the Equal Credit Opportunity Act. Since there is also no evidence of any violation of the Fair Credit Reporting Act, summary judgment on the Complaint must be granted to defendant.

### C.

■ Defendant has counterclaimed for an award of costs pursuant to 28 U.S.C. § 1927. That statute provides

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"[A]n award made under § 1927 must be supported by a finding of bad faith...." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986). In the circumstances of this case, especially where the plaintiff is *pro se* and is not a lawyer with the ability "to recognize that his claim ... was unreasonable and groundless, if not frivolous[,]" *Harbulak v. Suffolk County*, 654 F.2d 194, 198 (2d Cir.1981), the court cannot find that there is no genuine issue regarding whether plaintiff acted in bad faith. Accordingly, summary judgment on the Counterclaim cannot be granted to defendant.

### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment (filed Nov. 9, 1987) is GRANTED with respect to the Complaint and DENIED with respect to the Counterclaim. The Motion to Establish This Case as a Class Action (filed Nov. 18, 1987) is DENIED AS MOOT. Judgment on the Complaint, but not on the Counterclaim, shall enter for the defendant.

It is so ordered.