■ In the Matter of COUNTY OF ROCKLAND, Appellant-Respondent, Relative to Acquiring Title to Real Property Requiring Flooding, Drainage and Flood Control. KOHL INDUSTRIAL PARK Co., Respondent-Appellant. (Matter No. 1.) In the Matter of KOHL INDUSTRIAL PARK Co., Appellant, v COUNTY OF ROCKLAND et al., Respondents. (Matter No. 2.)—In (1) a condemnation proceeding (Matter No. 1), the condemnor County of Rockland appeals, as limited by its brief, from so much of a resettled judgment of the Supreme Court, Rockland County

(Marbach, J.), entered October 10, 1989, as failed to reduce the condemnation award by the interest which had accrued on the portion of the condemnation award subject to the tax lien, and the condemnee Kohl Industrial Park Co. cross-appeals from so much of the resettled judgment as, upon declaring, *inter alia,* that the condemnor is the "holder of a [tax] lien against the proceeds of the condemnation award", resettled a prior judgment of the same court dated October 30, 1986, by adding thereto a provision directing, in effect, that the condemnation award be reduced by the amount of the tax lien, and (2) a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the County of Rockland to comply with the terms of the October 30, 1986, judgment (and a judgment of the same court entered July 12, 1989, for costs on a prior appeal) (Matter No. 1), the condemnee Kohl Industrial Park Co. appeals from a judgment of the Supreme Court, Rockland County (Marbach, J.), dated October 5, 1989, which dismissed the proceeding as academic.

Ordered that the resettled judgment entered October 10, 1989, is modified, on the law and in the exercise of discretion, by deleting from the first decretal paragraph thereof the words "without interest" and substituting therefor the words "with prejudgment and postjudgment interest"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a further resettled judgment accordingly; and it is further,

Ordered that the judgment dated October 5, 1989, is affirmed; and it is further,

Ordered that the County of Rockland is awarded one bill of costs.

The condemnee Kohl Industrial Park Co. is the former owner of a 61.43-acre parcel of land in the Town of Clarkston. On August 31, 1981, the condemnor County of Rockland condemned over 31 acres of the condemnee's parcel for flood control purposes, thereby reducing the value of its remaining land, which was cut off from access to a main roadway. Following a valuation trial, by judgment entered October 31, 1986, the condemnee was awarded the sum of $938,722, which included a consequential damage award of $538,555 as compensation for the reduction in value of the uncondemned portion of the parcel. This court affirmed the condemnation award *(see, Matter of County of Rockland [Kohl Indus. Park Co.],* 147 AD2d 478), and the condemnor subsequently moved

to resettle the October 31, 1986, judgment to reflect the existence of a lien against the award for real estate taxes owned by the condemnee prior to condemnation. The condemnee countered by commencing a proceeding pursuant to CPLR article 78 to compel the condemnor to pay the full amount of October 31, 1986, judgment. The Supreme Court thereafter granted the condemnor's motion to the extent of ruling that the condemnation award was subject to a $212,039 lien for unpaid taxes, but declined to award the condemnor interest upon this portion of the award because it had failed to assert its lien against the property during the valuation proceeding, and because the condemnation had reduced the value of the condemnee's remaining land. The Supreme Court dismissed the proceeding as academic in light of this determination.

Contrary to the contention of the condemnee, the Supreme Court properly resettled the October 30, 1986, judgment to reflect the existence of a lien against the condemnation award based upon unpaid taxes owed to the condemnor. It is well established that, upon the vesting of title in a condemnation proceeding, all lien interests in the subject property by virtue of mortgages, unpaid taxes, or unsatisfied judgments, are extinguished *(see, Matter of County of Nassau [Gelb—Siegel],* 24 NY2d 621, 626; *Copp v Sands Point Marina,* 17 NY2d 291, 293; *Muldoon v Mid-Bronx Holding Corp.,* 287 NY 227; *Matter of Barber [State Comptroller],* 274 App Div 712; *Irving Trust Co. v Hughes,* 239 App Div 74, 76). However, substituted in their place are equitable liens against the condemnation award to the extent of each lien and interest thereon as of the date title vested *(see, Matter of County of Nassau [Gelb— Siegel], supra; Copp v Sands Point Marina, supra).* Accordingly, by operation of law, the property taxes due and owing to the condemnor were properly deducted from the condemnation award. Moreover, we note that in any event, the parties stipulated prior to commencement of the valuation trial that the proceeds of the condemnation award would be used in part to satisfy the unpaid taxes due upon the condemnee's parcel.

Further, we find no reason in law or equity why interest should not be awarded to the condemnor upon the portion of the condemnation award to which the equitable lien attached *(see, Matter of City of New York [Brookfield Refrig. Corp.— Zoloto],* 58 NY2d 532; *Becker v Huss Co.,* 43 NY2d 527, 542- 543; *Irving Trust Co. v Hughes, supra; see also, Silverman v State of New York,* 48 AD2d 413). In this regard, we note that the condemnee was compensated for any delay in receiving its condemnation award by the interest on the portion of the

award to which it was entitled. To further award the condemnee interest on the portion of the condemnation award to which it was not entitled would amount to a huge windfall to the condemnee—a benefit flowing directly from its failure to pay taxes on its property prior to the condemnation. Moreover, nothing in the record suggests that the condemnor was not dealing with the condemnee in good faith, and the condemnor was not required to raise the existence of the lien during the valuation trial (see generally, Silverman v State of New York, supra). In addition, the condemnee was fully compensated for consequential damages to its remaining land as a result of the condemnation. Thus, the resettled judgment entered October 10, 1989, is modified to reflect that the condemnor is entitled to interest on that portion of the condemnation award to which the lien attached.

Finally, we note that although the judgment entered October 10, 1989, improperly included substantive findings with regard to the amount of the condemnor's lien, the condemnee was afforded a hearing during the pendency of this appeal to assess the condemnor's proof. Since the condemnee does not dispute the ensuing findings regarding the amount of the lien, there is no reason to remit this matter for further proceedings to determine that amount. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.