■ ALEXANDER FISCHER, Appellant, v MMRR CONSTRUCTION CORP. et al., Defendants, and CITY OF NEW YORK, Respondent. [612 NYS2d 436] —In a mortgage foreclosure action, the plaintiff-mortgagee appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated July 15, 1992, as denied that branch of his motion which was

for leave to enter a judgment of foreclosure and sale with respect to certain parcels which have been condemned by the defendant City of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant City of New York made a prior motion for an order "severing from this mortgage foreclosure action certain parcels vested in [it] through in rem tax foreclosure and condemnation proceedings". In disposing of so much of this motion as related to the property acquired by condemnation, the Supreme Court, in a order entered July 24, 1989, stated that the "mortgage lien must be accounted for in any award flowing from the condemnation proceeding". This prior order was affirmed by this Court (see, Chemical Bank v MMRR Constr. Corp., 169 AD2d 699).

The general rule is that: "when land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it" (Utter v Richmond, 112 NY 610, 613, quoted in Daniel v Soben Equities Corp., 23 AD2d 228, 230; see also, Copp v Sands Point Marina, 17 NY2d 291). After title to property has been taken by the sovereign in a condemnation proceeding, "the law substitutes the condemnation award for the security previously provided by the mortgage" (Copp v Sands Point Marina, supra, at 293, citing Muldoon v Mid-Bronx Holding Corp., 287 NY 277; see also, Matter of Dorodea & S. Bldg. Co. v State of New York, 171 AD2d 866; Levine v State of New York, 106 AD2d 709; Silverman v State of New York, 48 AD2d 413; Matter of Silverman v Lefkowitz, 41 AD2d 442; Holman v Newton, 275 App Div 513; Matter of Lafayette Natl. Bank, 254 App Div 207; 51 NY Jur 2d, Eminent Domain, § 140).

The order now appealed from, as well as the dictum contained in the prior decision and order of the Supreme Court quoted above, are perfectly consistent with this general principle.

The plaintiff's sole argument on appeal is based on the doctrine of the law of the case. He contends that our affirmance of the prior order necessarily reflects a determination that the mortgage lien was to be satisfied out of the proceeds of a foreclosure sale of the condemned property, rather than out of the condemnation award. He argues, in other words, that the actual holding of the Supreme Court, as affirmed by this Court, necessarily contradicted language contained in the Supreme Court's July 24, 1989, order. We disagree.

Both the July 24, 1989, order of the Supreme Court and the prior order of this Court may have rested on the view that the remedy of "severance" was unnecessary, premature or otherwise inappropriate, notwithstanding the applicability of the rule stated above. The orders do not *necessarily* reflect a holding that the condemned property rather than the condemnation award should be the subject of the plaintiff's lien. Thus, we reject the plaintiff's argument that reversal is warranted on the basis of the doctrine of the law of the case. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.