OPINION OF THE COURT
Christopher J. Mega, J.
The petitioner-claimant, Empire Mortgage Limited Partnership V (hereinafter referred to as Empire), moves by order to show cause for an order, pursuant to EDPL 304 (E) (2), directing the Attorney-General and/or the Comptroller of the State of New York to distribute a portion of the deposit and funds of Eminent Domain account WO 53521 to the petitioner.
On April 13, 1995, the State of New York vested title in a property known as map 328 and parcel 408 in a proceeding known as S.H. 1018, Coram-Patchogue, Suffolk County, Town *776 of Brookhaven. The property had been previously known as 620 Route 112, Patchogue, New York.
Pursuant to the aforesaid proceeding and EDPL 304 (E), the Comptroller of the State of New York deposited $234,941.25 into an account entitled "Eminent Domain Account WO 53521”.
The petitioner-claimant, as well as other claimants, seek distribution of the proceeds of the Eminent Domain account and therefore the function of the court on this application is to determine the order of priorities of payment from this limited fund.
All interested parties as identified by the State of New York have been either served with and received a copy of the petition or filed a notice of appearance.[1]
The following individuals have sought a priority in the distribution of the fund:
(1) The petitioner, Empire Mortgage Limited Partnership V, in the sum of $204,417.80, based upon a first mortgage dated March 2, 1987 from Jessica Ryan Properties, Inc. to the Union Savings Bank and recorded with the Suffolk County Clerk on March 20, 1987, in liber 12652, at page 246.[2]
(2) The Treasurer of the County of Suffolk, based upon valid tax liens for the tax years 1992-1993, 1993-1994 and 1994-1995, in the sum of $17,284.96, including interest up to June 19, 1996.
(3) The New York State Tax Commission, based upon delinquent corporate franchise taxes for the period ending December 31, 1992 through and including December 31, 1995, in the sum of $4,703.77, including interest up to June 19, 1996.
(4) Central Mechanical Systems, Inc., based upon a subordinated consolidated mortgage dated August 28, 1989, in the principal sum of $218,000 from Jessica Ryan Properties, Inc. to Central Mechanical Systems, Inc., recorded on October 26, 1989 with the Suffolk County Clerk in liber 15520, at page 402.
*777 (5) United States of America, based upon a Federal tax lien filed by the Internal Revenue Service on December 20, 1991 against Jessica Ryan Properties, Inc., the former owner of the appropriated property, in the sum of $2,564.06 as of May 31, 1996.
The court finds that the parties are entitled to a priority in the following order:
(A) The local taxes of Suffolk County — notwithstanding the fact that no one has challenged its claim or priority of payment — are entitled to primacy under the laws of the State of New York. While the EDPL does not set forth any statutory scheme for the determination of priorities to an EDPL account, as does the RPAPL in cases involving mortgage foreclosures, a review of case law in the area of mortgage foreclosures permits one to devise the right of the various parties.
As in the case of foreclosures, the appropriation creates a fund that is substituted for the land (Copp v Sands Point Marina, 17 NY2d 291) which is subject to any claims against the property. In mortgage foreclosure proceedings, local taxes are deemed claims against the land and payment of these taxes are costs of the proceeding, entitled to a statutory priority. The rationale for the legislative and judicial priority is that the local taxes are in reality charges for services that have increased the value of the land. The same reason for giving a priority in foreclosure cases exists in the case of a taking by eminent domain. The value of the land has been enhanced by the services provided by the local authorities. Accordingly, liens for local taxes should be given a priority over the claims of mortgagees, who may still take either a deficiency judgment or sue the claimant mortgagor for the amount due under the bond. Therefore, the court finds that the taxes of Suffolk County for the tax years 1992-1993, 1993-1994 and 1994-1995, in the sum of $17,284.96 as of June 19, 1996, are entitled to a first priority.
(B) The court next turns to the competing claims of Central Mechanical Systems, Inc. (hereinafter referred to as Central) and Empire.[3] The respondent-claimant Central alleges that it is entitled to a priority as against Empire as to any interest, costs, penalties and disbursements since June 23, 1993. (Claim No. SP-079, filed May 22, 1996, at 3.) It is alleged by Central *778 that it offered to purchase the lien held by Empire from the Federal Deposit Insurance Corporation (hereinafter referred to as FDIC) but that the FDIC failed to respond to its offer. Thereafter, it is alleged that FDIC sold the lien to Empire.
A review of the papers submitted by the parties indicated that Central did offer to buy the mortgage at a price of $75,000. The delinquent loan was apparently in the sum of $400,000. The FDIC failed to respond, apparently rejecting the offer as being too low. Thereafter, the mortgage was transferred to Empire.
(C) The court finds that Empire has not committed any wrong in this matter and that it therefore is entitled to a priority over the lien of Central[4] in the sum of $204,417.80, together with interest and costs under the terms of the mortgage.
Central is entitled to a priority over the claim of the State of New York for franchise taxes, as is Empire. Tax Law § 1092 (j) (1) provides that corporate franchise taxes shall become a lien on the date upon which the corporation is to file its tax returns. In the present claim, the fee owner, Jessica Ryan Properties, Inc., had a tax lien filed by the State on December 31, 1992, subsequent to the filing of the first mortgage on March 20, 1987, which is presently held by Empire; and subsequent to Central’s mortgage filed on October 26, 1989. Accordingly, the liens of both Empire and Central are granted a priority over the tax lien of the State of New York for franchise taxes for the period ending December 31, 1992 through December 31, 1995.
Again, both Empire and Central are entitled to a priority over the claim of the United States of America based upon its tax lien against Jessica Ryan Properties, Inc., as the latter lien is subsequent to both mortgages.
Accordingly, the application of the petitioner is granted. It is therefore ordered that the Comptroller of the State of New York is to pay out the sum of $234,941.25, which has been deposited pursuant to EDPL 304 (E) (2) plus all accrued interest, in the following manner: to the Treasurer of Suffolk County, the sum of $17,284.96; to Empire Limited Partnership V, the sum of $204,417.80; to Central Mechanical Systems, *779 Inc., the sum of $13,238.49;[5] and it is further ordered that any interest accruing on Eminent Domain account WO 53521 since May 25, 1995 be paid to the above parties on a pro rata basis.

. The affidavit of service for Bobby J. Associates has not been annexed to the petition. However, a notice of appearance has been filed and neither an answer nor motion to dismiss has been submitted and the time to so answer or move has expired. (CPLR 320 [a].)

. The mortgage was assigned to Empire by the Federal Deposit Insurance Corporation as receiver for Union Savings Bank, dated November 13, 1995, recorded in liber 19025, at page 95. The amount due is contained in the affirmation of Robert J. Ansell, paper number 6, and is computed as of May 31, 1996.

. Both Empire and Central are entitled to a priority over franchise tax claims and the claim of the United States of America, which will be discussed infra.

. If Central believes a wrong had been committed by the FDIC or its agent, Central should bring an action against it in the appropriate forum.

. Payment of all moneys shall be stayed until the time to appeal expires, in accordance with the request of the State of New York.