■ In the Matter of MILL CREEK PHASE 1 STATEN ISLAND BLUEBELT SYSTEM. NYCTL 1998-1 TRUST, Appellant; FRANK VIGLIAROLO et al., Respondents. [831 NYS2d 532]—

In a condemnation proceeding, the NYCTL 1998-1 Trust appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Gerges, J.), dated August 9, 2005, as, in effect, denied that branch of its motion which was to apply an interest rate of 18% to its tax lien against the subject property from the date that title to the subject property vested in the City of New York until the date that the tax lien is paid.

Ordered that the order is affirmed insofar as appealed from, with costs.

The predecessor in interest to the NYCTL 1998-1 Trust (hereinafter the Trust) purchased a tax lien from the City of New York for the subject property owned by the claimants Frank Vigliarolo and Joseph Vigliarolo. In accordance with Administrative Code of the City of NY § 11-224 (h) and § 11-319 (b) (6), the tax lien certificate provided that the rate of interest would be 18% until the lien balance was paid in full.

The City commenced a condemnation proceeding for the subject property, and the Trust filed a notice of claim. Title vested in the City on July 31, 1998.

The Trust moved to compel the City to release and turn over to it monies from any final award issued in the condemnation proceeding, in the sum due under the tax lien, including interest at a rate of 18% until the date that the tax lien is paid. The claimants opposed the motion, arguing that the interest rate should be 6% after the date of taking. The Supreme Court directed the City to pay the Trust the money due to it pursuant to the tax lien certificate, with interest payable at a rate of 18% from May 22, 1997 through July 30, 1998, and at a rate of 6% from July 31, 1998 through the date that the tax lien is paid.

The Supreme Court properly determined that the interest rate on the Trust's lien should be 6% after the date of taking. A condemnor takes full title to land, free of all encumbrances and inconsistent proprietary rights (see Matter of County of Nassau [Gelb—Siegel], 24 NY2d 621, 626 [1969]; Copp v Sands Point Mar., 17 NY2d 291, 294 [1966]). Condemnation extinguishes all

lien interests, including tax lien interests, in the property taken (*see Matter of County of Nassau [Gelb—Seigel], supra; Copp v Sands Point Mar., supra* at 293; *Muldoon v Mid-Bronx Holding Corp.*, 287 NY 227, 231 [1942]; *Matter of County of Rockland [Kohl Indus. Park Co.]*, 172 AD2d 607 [1991]). Substituted in the place of a tax lien is an "equitable lien . . . against the condemnation award to the extent of each lien and interest thereon as of the date title vested" (*County of Rockland [Kohl Indus. Park Co.], supra* at 609; *Matter of County of Nassau [Gelb—Seigel], supra; Matter of Barber [State Comptroller]*, 274 App Div 712, 714 [1949]). This is so because the condemnation award takes the place of the land (*see Fischer v MMRR Constr. Corp.*, 204 AD2d 681 [1994]). Accordingly, a tax lienor in a condemnation proceeding may assert only an equitable lien when the condemnation award is apportioned (*see Matter of County of Nassau [Gelb—Seigel], supra; Matter of County of Rockland [Kohl Indus. Park Co.], supra*).

Here, the Trust's tax lien against the subject property was extinguished on July 31, 1998 the date title vested in the City, and an equitable lien against the condemnation award was substituted in its place. General Municipal Law § 3-a (2) limits "[t]he rate of interest to be paid upon any . . . accrued claim against the municipal corporation [or lien purchaser] arising out of condemnation proceedings . . . [to] six per centum per annum." A municipal corporation includes a city (*see* General Municipal Law § 3-a [3]), and a tax lien purchaser stands in the same shoes as a municipality (*see* Administrative Code §§ 11-319, 11-332 [b]). Therefore, the Trust, which became an equitable lienor upon the City's taking, is bound by the 6% interest rate after the date of taking (*see Matter of County of Rockland [Kohl Indus. Park Co.], supra; cf. Irving Trust Co. v Hughes*, 239 App Div 74 [1933]). Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.